**UNITED STATES of America, Appellee,**

v.

**William J. RAJEWICH, Appellant.**

**No. 72–1315.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 16, 1972.

Decided Dec. 26, 1972.

Robert O. Hippe, Lovell, Raymond & Hippe, Scottsbluff, Neb., for appellant.

William K. Schaphorst, U. S. Atty., Omaha, Neb., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, LAY, Circuit Judge, and DURFEE, United States Court of Claims Judge.

VAN OOSTERHOUT, Circuit Judge.

This is a timely appeal by defendant William J. Rajewich from his conviction by a jury on each of two counts of an indictment charging him with wilfully attempting to avoid payment of a large part of the income tax and Social Security tax withheld by Western Nebraska Rest Home, Inc., (hereinafter usually referred to as taxpayer), from its employees by filing false returns for the third and fourth quarters of 1969, in violation of 26 U.S.C.A. § 7201. Concurrent sentences of eighteen months were imposed.

Defendant was employed by taxpayer to prepare its federal tax returns and reports, including those here involved. Defendant signed the reports covered by the indictment as executive bookkeeper, filed the returns, and requested that the taxpayer's address be changed to his office address. Taxpayer provided defendant with blank checks to cover the tax payments due. Defendant filled in such checks for substantially more money than the amount of the tax due as disclosed by the returns and for approximately the amount of the tax actually due. Defendant cashed such checks, retaining the overage above the amount of the tax disclosed by the returns. No attack is made on this appeal upon the sufficiency of the evidence to support the conviction. Thus a detailed summary of the evidence will serve no purpose. In any event, our examination of the record satisfies us that the guilty verdicts are supported by substantial evidence.

The only error asserted upon this appeal is that the court failed to sustain defendant's motion made prior to trial

and renewed at the trial to suppress evidence obtained as a result of a search made pursuant to a search warrant. Defendant urges that the items seized at defendant's place of business under the search warrant should be suppressed for the following reasons:

1. Probable cause for the issuance of the search warrant was not established.

2. The warrant issued is too broad in that it authorizes a general search, in violation of defendant's Fourth Amendment rights.

We find each of defendant's contentions lacks merit and affirm the conviction for the reasons hereinafter stated.

■ The search warrant was issued by United States Magistrate Peck and is based upon a five-page affidavit of Larry D. Thompson, Special Agent of the Internal Revenue Service, who made a thorough investigation of the facts upon which the criminal charges herein are based, and a supporting affidavit of Clara Reisig, operator of the victimized rest home. Moreover, Thompson's affidavit shows the extent of his investigation and the facts ascertained thereby in detail, and such stated facts corroborate the statements in Mrs. Reisig's affidavit.

In our present case, unlike the situation in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, the informant was identified and shown to be a responsible operator of a legitimate business and the victim of the crime charged.

In United States v. Bell, 457 F.2d 1231, 1238 (5th Cir. 1972), the court states and holds:

"It is now a well-settled and familiar concept, as enunciated by *Aguilar* and *Spinelli,* that supporting affidavits in an application for a search warrant must attest to the credibility of an informant and the reliability of his information. *See also* United States v. Harris, 403 U.S. 573, 91 S. Ct. 2075, 29 L.Ed.2d 723 (1971). We have discovered no case that extends this requirement to the identified by-stander or victim-eyewitness to a crime, and we now hold that no such requirement need be met.
. . . ."

To like effect, see McCreary v. Sigler, 406 F.2d 1264, 1269 (8th Cir. 1969); United States v. Mahler, 442 F.2d 1172, 1174 (9th Cir. 1971).

We agree with the trial court's conclusion that probable cause for the issuance of the search warrant by the magistrate has been established.

■ We now pass to defendant's second contention that the warrant is invalid because it is too broad and in effect authorizes a general search. The search warrant authorized a search of defendant's office for:

"[O]riginal cancelled checks issued by Western Nebraska Rest Home, Inc., Mitchell, Nebraska, payable to their employees and to H & R Block Company or William J. Rajewich, together with retained copies of Forms 941, Employers Quarterly Tax Return, Form 940, Employers Annual Federal Unemployment Tax Return, Forms W-2, Employees Earning Statement, Forms 1120–S, U. S. Corporation Income Tax Return, all of which pertain to Western Nebraska Rest Home, Inc., together with any and all correspondence, memorandum and workpapers pertaining to the above described documents. . . ."

Defendant urges that the search for workpapers, notes and correspondence relating to the taxpayer's involved returns amounts to an invalid search and seizure of "mere evidence." Warden v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967) expressly holds that seizures of items which have only evidentiary value does not violate any Fourth Amendment rights, and that seizure of such items may be made. Subsequent to *Hayden,* 18 U.S.C.A. § 3103a was enacted which expressly provides that a warrant may be issued "to search for and seize any property that constitutes evidence of a criminal offense in violation of the laws of the United States."

Defendant's contention that the enlargement of the right to search must be made by the Rules of Criminal Procedure and not by statute lacks merit.

 Defendant further contends that the items for which the search is authorized by the warrant are not described by sufficient particularity and that under the warrant files not relating to the taxpayer's rest home were seized. We are presently concerned only with items seized under the warrant which were introduced in evidence. See United States v. Long, 449 F.2d 288, 294 (8th Cir. 1971). Defendant was in no way deprived of a fair trial by the seizure of any items which were not offered in evidence. The items seized which were offered in evidence were (1) taxpayer's cancelled checks, (2) the work sheets used in connection with the preparation of taxpayer's returns for the third and fourth quarters of 1969, and (3) copies of returns filed for the taxpayers.

In the *Long* case, *supra*, we uphold a search warrant covering currency in excess of $20,000 together with checks and other papers taken from a guard of Brinks, stating:

> "The contention that the items seized were not particularly described in the search warrant is without merit. The only items seized which were admitted into evidence were the charred remains of a check taken from the Brinks guard, the ash from money straps and the coin bag seals, also taken during the robbery. The description of the items sought in the search was sufficient to cover these items which the evidence shows were actually taken in the robbery." 449 F.2d 288, 294.

See United States v. Scharfman, 448 F. 2d 1352, 1354 (2d Cir. 1971); Berger v. New York, 388 U.S. 41, 98–99, 87 S.Ct. 1873, 18 L.Ed.2d 1040 (1967) (dissenting opinion of Mr. Justice Harlan).

The seized items introduced in evidence in this case are described with sufficient particularity in the warrant to permit their identification by those entrusted with the execution of the warrant and by the court in any judicial proceeding. The motion to suppress with respect to the items seized which were offered in evidence was properly overruled.

The judgment of conviction is affirmed.