# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-3490

———————

United States of America,  \*

\*

Appellee,  \*

\*  Appeal from the United States

v.  \*  District Court for the

\*  Western District of Missouri.

George Allen,  \*

\*  [UNPUBLISHED]

Appellant.  \*

———————

Submitted: April 4, 2008
Filed: April 10, 2008

———————

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

George Allen pleaded guilty to possessing heroin while incarcerated in a federal correctional facility, in violation of 18 U.S.C. § 1791. The district court[1] imposed a prison term of 27 months to run consecutively to his undischarged federal and state terms of imprisonment, and a 3-year term of supervised release to run concurrently with his undischarged federal term of supervised release. On appeal, Allen's counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), in which he requests permission to withdraw and presents arguments related to the calculation of Allen's

———————

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

base offense level under the Guidelines, the requirement that Allen's sentence run consecutively to his undischarged state sentence, and the denial of Allen's motion to withdraw his guilty plea.

We conclude that the district court properly determined Allen's base offense level to be 13. See U.S.S.G. § 2P1.2(a)(2) (base offense level of 13 applies if contraband possessed in prison was narcotic drug); United States v. Blanton, 281 F.3d 771, 775 (8th Cir. 2002) (district court's interpretation and application of Guidelines reviewed de novo). Although the indictment mistakenly referred to 18 U.S.C. § 1791(b)(2), instead of § 1791(b)(1) (applicable when the offense involved narcotic drug), Allen was not prejudiced by the mistake because he stated at the plea hearing that he was not promised anything as to what his sentence would be, he conceded that heroin is a narcotic drug, and he was sentenced at the bottom of the properly calculated Guidelines range--well below both the 10-year maximum he acknowledged and the correct 20-year statutory maximum. Cf. Fed. R. Crim. P. 7(c)(3) (unless defendant was misled and thereby prejudiced, neither error in citation nor citation's omission is ground to dismiss indictment or to reverse conviction); United States v. Czeck, 671 F.2d 1195, 1197 (8th Cir. 1982) ("An indictment is fatally insufficient when an essential element 'of substance' is omitted, rather than one 'of form' only.").

We further conclude there is no merit to Allen's challenge to the requirement that his new sentence run consecutively to his undischarged state sentence. See 18 U.S.C. § 1791(c) ("Any punishment imposed under subsection (b) for a violation of this section by an inmate of a prison shall be consecutive to the sentence being served by such inmate at the time the inmate commits such violation."); U.S.S.G. § 5G1.3(a) (if instant offense was committed while defendant was serving term of imprisonment, sentence for instant offense shall be imposed to run consecutively to undischarged term of imprisonment); Swepston v. United States, 289 F.2d 166, 168 (8th Cir. 1961) (right to impose consecutive sentences is inherent in federal courts).

We also conclude that the district court did not abuse its discretion in denying Allen's motion to withdraw his guilty plea, because during the plea hearing, Allen confirmed his understanding of--among other things--the possibility of a consecutive sentence of up to 10 years in prison and the limitations on his ability to withdraw a guilty plea.  See Fed. R. Crim. P. 11(d)(2)(B) (defendant may withdraw plea if he can show fair and just reason for requesting withdrawal); United States v. Moore, 481 F.3d 1113, 1114 (8th Cir.) (abuse-of-discretion standard; guilty plea should not be set aside lightly; affirming district court's denial of request to withdraw plea and rejecting defendant's claim that he did not fully understand ramifications of plea where district court fully advised him of those ramifications at plea hearing and defendant testified under oath that he understood them), cert. denied, 128 S. Ct. 122 (2007).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues.  Accordingly, we affirm the district court's judgment and we grant counsel's request to withdraw on condition that counsel inform appellant about the procedures for filing petitions for rehearing and for certiorari.

_____