# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3816

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Edward Lee Smith, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: June 9, 2009
Filed: September 15, 2009

_____

Before LOKEN, Chief Judge, JOHN R. GIBSON and GRUENDER, Circuit Judges.

_____

LOKEN, Chief Judge.

Edward Lee Smith appeals his conviction and sentence for manufacturing and possessing with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Smith argues that the district court[1] erred in denying his motion to suppress evidence seized during a warrant search of his home because the warrant application failed to establish probable cause, and that his 120-month sentence

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, adopting the Report and Recommendation of the Honorable Jeanne J. Graham, United States Magistrate Judge for the District of Minnesota.

violates the Double Jeopardy Clause because the district court increased the mandatory minimum sentence based on a prior conviction. We affirm.

## I. Suppression Issues

Detective Joe Poidinger of the Hennepin County Violent Offenders Task Force applied for a warrant to search 4401 5th Avenue South in Minneapolis for evidence of controlled substances and firearms. The supporting affidavit averred in relevant part:

> Poidinger was told by a confidential reliable informant that Smith "was the leader of the Vice Lord gang in Minneapolis and is selling narcotics." Search of a gang database confirmed that Smith is a member of the Vice Lord gang. A DEA agent advised Poidinger that search of the DEA database showed that Smith "was arrested and convicted in 1996 of possessing 2 kilos of cocaine, handguns, machine guns, and grenades." Smith's parole officer advised he is on parole for these offenses.

> Smith resides at 4401 5th Avenue South. Poidinger supervised a trash pull from that residence within the past 48 hours. Task Force members collected the discarded trash, brought it to a secure location, and searched it. The trash contained multiple sandwich baggies with the corners ripped off. Some baggies contained soapy residue, three field-tested positive for cocaine, and others contained marijuana residue and seeds that field-tested positive for marijuana. The trash also included "[m]ultiple mailings for the residence located at 4401 5th Ave S in Minneapolis."

A Hennepin County District Court judge granted the application and issued a no-knock warrant to search Smith's home, where incriminating evidence was seized.

Smith moved to suppress evidence seized during the search of his home. At the suppression hearing, defense counsel cross-examined Detective Poidinger, establishing that Smith's prior drug conviction was in 1998, not 1996, and did not

include possession of machine guns or grenades; that 4401 and 4405 5th Avenue South are separate units of a side-by-side bungalow duplex; that two garbage cans are located behind Smith's home, one for each unit; that Poidinger did not know whether trash was pulled from one can or two because his partner watched the trash pull; and that at least some of the mailings found in the trash were not addressed to Smith but to seven other individuals, including the owner of the duplex. Disregarding other statements challenged by Smith, the magistrate judge concluded that the affidavit's showing of a prior drug conviction and of drug residue and paraphernalia found in the trash at his residence provided probable cause to issue the search warrant.

On appeal, Smith limits the Fourth Amendment issue to whether the search warrant application failed to state probable cause. "Probable cause means a 'fair probability' that the object of the search warrant may be found in the place to be searched." United States v. Montgomery, 527 F.3d 682, 686 (8th Cir. 2008) (quotation omitted). In ruling on a motion to suppress, probable cause is determined based on "the information before the issuing judicial officer." United States v. Reivich, 793 F.2d 957, 959 (8th Cir. 1986). Though the issue is reviewed *de novo*, we accord great deference to the issuing judge's determination that Poidinger's affidavit established probable cause. United States v. Solomon, 432 F.3d 824, 827 (8th Cir. 2005).

Poidinger's affidavit recited that Smith had a prior drug conviction and that a recent search of the trash at his residence yielded evidence of illegal drug activity. We agree with the district court that this information alone established probable cause to issue a warrant to search Smith's residence for evidence of drug trafficking. See United States v. Allebach, 526 F.3d 385, 387 (8th Cir. 2008); United States v. Briscoe, 317 F.3d 906, 908 (8th Cir. 2003), and cases cited; United States v. Reinholz, 245 F.3d 765, 776-77 (8th Cir.), cert. denied 534 U.S. 896 (2001). Thus, the warrant was facially valid.

Relying on <u>Franks v. Delaware</u>, 438 U.S. 154 (1978), Smith argues that the warrant is invalid because Poidinger's affidavit failed to disclose that Smith's home was in a side-by-side double bungalow with separate garbage cans, that the drug residue and paraphernalia might have been in the other unit's trash, and that the mail referred to in the affidavit was addressed to other persons. This contention reflects a misunderstanding of our Fourth Amendment precedents.

<u>Franks</u> held that a facially sufficient affidavit may be challenged on the ground that it used deliberately or recklessly false statements to demonstrate probable cause. 438 U.S. at 168-70. We have extended this rule "to allow challenges to affidavits based on alleged deliberate omissions." <u>Reivich</u>, 793 F.2d at 960. However, to warrant a <u>Franks</u> hearing, a defendant must make a strong threshold showing of deliberate falsehood or reckless disregard for the truth, "and those allegations must be accompanied by an offer of proof." 438 U.S. at 171. Here, Smith made no such showing in the district court. Nor did he request a <u>Franks</u> hearing. He merely cross-examined Detective Poidinger at the suppression hearing, no doubt seeking to develop the basis for a <u>Franks</u> hearing that was then not requested. Therefore, as Smith conceded at oral argument, his appeal is limited to the issue of probable cause. There is no <u>Franks</u> issue before us.

Despite not requesting a <u>Franks</u> hearing, Smith seeks relief under <u>Franks</u> because Poidinger allegedly "employed a clever deception by omitting important information" about the trash pull that established probable cause. But Smith failed to put the limited basis for <u>Franks</u> relief -- deliberate falsehood or reckless disregard for the truth -- at issue by requesting a <u>Franks</u> hearing. Absent a finding of deliberate falsehood or reckless disregard for the truth, what a facially valid warrant affidavit *might have contained* is simply irrelevant. Moreover, because a warrant application need only show facts establishing probable cause, "recklessness may be inferred from the . . . omission of information from an affidavit . . . only when the material omitted would have been clearly critical to the finding of probable cause." <u>United States v.</u>

Ozar, 50 F.3d 1440, 1445 (8th Cir. 1995) (quotation omitted). Here, as the district court noted, omission of the fact that Smith's trash included mail addressed to other persons at 4401 5th Avenue South, and that trash from two garbage cans might have been pulled, raising the possibility that the drug residue and paraphernalia came from the other unit's trash, did not eliminate the affidavit's showing of a fair probability that evidence of narcotics trafficking could be found in Smith's home.

When no issue of deliberate falsehood or reckless disregard for the truth is raised, the suppression motion turns on the warrant's facial validity. Therefore, Smith's motion to suppress was properly denied.

## II. The Double Jeopardy Issue

Smith's prior felony conviction increased his mandatory minimum sentence for possession with intent to distribute five grams of cocaine base from five to ten years. See 21 U.S.C. § 841(b)(1)(B). Smith argues that increasing his sentence based on a prior conviction violates the Double Jeopardy Clause by punishing him a second time for the earlier crime. This argument is without merit for two reasons. First, double jeopardy claims may not be raised for the first time on appeal. United States v. High Elk, 442 F.3d 622, 624 (8th Cir. 2006). Second, the argument is foreclosed by cases such as Witte v. United States, 515 U.S. 389, 400 (1995) (increased punishment imposed by a recidivism statute is "a stiffened penalty for the latest crime," not an increased punishment for the earlier crime).

The judgment of the district court is affirmed.

_____