# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 18-1616

———————————————

United States of America

*Plaintiff - Appellee*

v.

Derrick Anthony Stewart, also known as Derrick Stewart

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Davenport

——————————

Submitted: December 13, 2018
Filed: March 13, 2019
[Unpublished]

——————————

Before LOKEN and ERICKSON, Circuit Judges, and MAGNUSON,[1] District
Judge.

——————————

PER CURIAM.

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District
of Minnesota, sitting by designation.

On November 13, 2017, Derrick Anthony Stewart entered a conditional guilty plea to conspiracy to distribute a substance containing detectable amounts of heroin and possession of a firearm in furtherance of a drug trafficking crime. The plea reserved Stewart's right to appeal the district court's[2] denial of his motion to suppress. Stewart was sentenced on March 19, 2018. He now appeals the district court's denial of his motion to suppress.

Stewart came to the attention of law enforcement when he was identified by name as a seller and user of heroin. In February of 2017, an employee with the Department of Human Services ("DHS") contacted Scott County Deputy Sheriff Dan Furlong and informed him that Stewart's daughter had recently survived a heroin overdose. The DHS employee also told Furlong that during the ensuing investigation, Stewart's grandchild had tested positive for opiates. In addition to Stewart's current connection to heroin use and trafficking, Furlong knew Stewart had a 2008 felony conviction for possession of heroin.

In March of 2017, DHS received a tip from an anonymous informant that Stewart was using and selling heroin in his residence and that he kept a firearm in a safe in his bedroom. DHS put the informant in contact with Furlong. Following the conversation with the informant, Furlong conducted surveillance on Stewart's residence. Furlong saw Stewart leave the residence and followed him. Furlong observed Stewart meet separately with two persons known by Furlong to be connected to heroin-related activities. When Stewart left the second meeting, Furlong confronted the individual Stewart had spoken to and found heroin paraphernalia. Another agent continued to tail Stewart and reported observing Stewart "conduct another suspected heroin delivery."

---

[2]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

-2-

Furlong sought a search warrant. The affidavit and application were reviewed by an Assistant Scott County Attorney. A judge in Iowa's Seventh Judicial District issued the warrant. When the warrant was executed, the search revealed drugs, firearms, and an amount of cash in excess of $10,000.

Stewart was indicted shortly thereafter. Stewart filed a motion to suppress the evidence derived from the warrant search. As the challenge was to the sufficiency of the affidavit, no evidence was taken at the suppression hearing. After taking argument of counsel and considering the supporting affidavit to the warrant application, the court denied the motion to suppress.

On appeal, Stewart asserts the warrant was unsupported by probable cause. "On appeal from the denial of a motion to suppress, we review a district court's findings of fact for clear error and its determination of probable cause and the application of the Leon exception de novo." United States v. Conant, 799 F.3d 1195, 1201 (8th Cir. 2015) (quoting United States v. Jackson, 784 F.3d 1227, 1231 (8th Cir. 2015)). "Probable cause to issue a search warrant exists when an affidavit [or testimony] in support of the warrant sets forth sufficient facts to establish that there is a fair probability that contraband or evidence of criminal activity will be found in the particular place to be searched." United States v. Proell, 485 F.3d 427, 430 (8th Cir. 2007) (internal quotation marks omitted) (quoting United States v. Davis, 471 F.3d 938, 946 (8th Cir. 2006)). "Though the issue of probable cause is reviewed de novo, this court accords 'great deference to the issuing judge's determination that [the] affidavit established probable cause.'" United States v. Keele, 589 F.3d 940, 943 (8th Cir. 2009) (quoting United States v. Smith, 581 F.3d 692, 694 (8th Cir. 2009)). Our "duty on appeal is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." Id. (quoting United States v. Montes-Medina, 570 F.3d 1052, 1059 (8th Cir. 2009)). Under Leon's good-faith exception, evidence seized pursuant to a warrant will not be suppressed if the executing officer's reliance upon the warrant was objectively reasonable—even if the warrant is later found

invalid.  <u>Proell</u>, 485 F.3d at 430; <u>see</u> <u>United States v. Leon</u>, 468 U.S. 897, 920-21 (1984).

The facts set forth in the warrant application establish sufficient probable cause to support the warrant.  The affidavit informed the state district judge that the testifying officer was trained in drug apprehension and enforcement and had been working on the special operations unit for six years.  The affidavit informed the state judge that Stewart had a history of heroin sales and use and that he had a prior felony drug conviction.  The affidavit also informed the judge that Stewart resided with his girlfriend, that she was a known drug user and seller, and that she had been observed with a strong odor of marijuana on her person.  The affidavit also informed the court that a "concerned citizen" had reported that Stewart and his girlfriend sold drugs from the residence at all hours of the day and night and that Stewart kept a gun in a safe in the residence.  The affidavit stated that DHS had informed law enforcement that Stewart's 17-year-old daughter had suffered a non-fatal overdose at the residence and that her child had tested positive for opiates.  The affidavit said that as a result of this information, law enforcement had conducted surveillance of Stewart and his residence and had followed Stewart and his girlfriend as they made a series of short stops consistent with drug-dealing behavior.   The affidavit further stated that one of the persons Stewart had met with was found to be in possession of heroin paraphernalia (though he had denied buying drugs from Stewart).  Finally, the affidavit related that while the affidavit was being prepared, officers were still following Stewart, that Stewart had made another stop consistent with drug-trafficking behavior, and that Stewart did not have a valid driver's license.  Whatever difficulties Stewart claims arise from the nature of the concerned citizen's report, there is more than sufficient remaining and corroborating evidence to support a finding of probable cause.  <u>See</u> <u>United States v. Tyler</u>, 238 F.3d 1036, 1039 (8th Cir. 2001) ("Even 'the corroboration of minor, innocent details can suffice to establish probable cause.'") (citation omitted); <u>see</u> <u>also</u> <u>Illinois v. Gates</u>, 462 U.S. 213, 244 (1983) (explaining that "independent

investigative work" can support a determination of probable cause in cases where the tip that gave rise to the investigation might not have sufficed on its own).

Even if this were not so, the officers' personal observations while investigating Stewart, coupled with the process of submitting the warrant application, are sufficient to bring the officers' conduct well within the parameters of Leon's good-faith exception. After receiving the anonymous tip, law enforcement observed Stewart meet with several individuals and conduct what they believed to be heroin-related transactions. On the basis of that surveillance, Furlong prepared an affidavit and application that was reviewed by the county attorney and approved by a state judge. Under these circumstances, Furlong acted in good-faith when he carried out a search pursuant to the warrant. Cf. United States v. Puckett, 466 F.3d 626, 630 (8th Cir. 2006) (quoting Leon, 468 U.S. at 923) (explaining that there are "four circumstances in which the good-faith exception does not apply: (1) when there is a Franks violation; (2) when an issuing judge has 'wholly abandoned his judicial role'; (3) when it is entirely unreasonable to believe that an affidavit provides probable cause to issue a warrant; and (4) when the warrant is 'so facially deficient' that no police officer could reasonably presume the warrant to be valid"). We affirm the district court's denial of Stewart's motion to suppress the evidence obtained from that search.

_____