# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-2603

_____

United States of America

*Plaintiff - Appellee*

v.

Brent Daigle

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Fargo

_____

Submitted: October 18, 2019
Filed: January 14, 2020

_____

Before LOKEN, SHEPHERD, and STRAS, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Appellant Brent Daigle appeals the district court's[1] denial of his motion to suppress and request for a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). Having jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I.

On November 9, 2015, Daigle's wife, Celetra, reported to Griggs County Sheriff Robert Hook that she believed her twelve-year-old daughter, R.M., had been sexually abused by Daigle, the minor's step-father. Sheriff Hook arranged for R.M. to speak with a forensic interviewer at Red River Children's Advocacy Center (RRCAC) on November 12, 2015. Sheriff Hook observed the forensic interview in real-time on a closed-circuit television in a separate room at RRCAC.

During the forensic interview, R.M. disclosed that Daigle had been sexually abusing her since she was seven years old and that the last incident had occurred about one month prior. R.M. provided explicit details regarding how, where, when, and how often Daigle had sexually abused her, and stated that it was his usual practice to take video recordings of the sexual abuse. She explained that Daigle had used various electronic devices to record the abuse over the years, but most recently he had used his cell phone, which she described as a silver phone in a camouflage case with tan rubber parts. In terms of brand, R.M. stated, "I know it's not an iPhone. I think it's a Samsung. One of those bigger Samsungs." After the forensic interview, Sheriff Hook asked Celetra to describe Daigle's cell phone. Celetra described it as an LG phone in a camouflage case with tan-brownish corners. She informed Sheriff Hook that Daigle had the LG phone in his possession and that he was on his way to Louisiana.

_____

[1]The Honorable Ralph R. Erickson, then United States District Judge for the District of North Dakota, now United States Circuit Judge for the Court of Appeals for the Eighth Circuit; and the Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

That evening, law enforcement officers obtained Celetra's consent to search the family residence, in which they found and seized numerous electronic devices capable of storing electronic images. On November 13, 2015, Sheriff Hook applied for a warrant to search the seized devices and, in support, gave a sworn telephonic affidavit to North Dakota District Judge James D. Hovey. He informed Judge Hovey about R.M.'s forensic interview, summarized R.M.'s detailed allegations of sexual abuse, and noted that, according to R.M., Daigle had used a silver phone in a camouflage case with tan rubber parts, among other devices, to record the abuse. Judge Hovey asked whether the silver phone was listed in the warrant application as a device to be searched. Sheriff Hook clarified that it was not included in the warrant application, because Daigle was on his way to Louisiana and likely had the phone in his possession. Judge Hovey issued the warrant to search the devices seized from the family residence.[2]

Later that day, Daigle was arrested in Louisiana on North Dakota state charges resulting from R.M.'s forensic interview. Arresting officers seized a silver LG cell phone in a camouflage case with tan rubber parts from Daigle's person. Sheriff Hook received the LG cell phone on December 3, 2015 and applied for a warrant to search it. In support, he submitted a sworn written affidavit, in which he provided a less detailed recitation of the information presented in his sworn telephonic affidavit in support of the first search warrant. Specifically, the written affidavit noted Celetra's report to Sheriff Hook; R.M.'s forensic interview; R.M.'s explanations of how, where, and how often the sexual abuse took place; and Sheriff Hook's observation that R.M. "is a reliable source and says that there is video of her on the LG phone that was in possession of the Defendant at the time of arrest." Sheriff Hook also provided oral testimony in support of the second warrant application at a probable cause hearing held by Judge Hovey, in which Sheriff Hooks testified that the cell phone

_____

[2]Daigle has not challenged the validity of the November 13, 2015 search warrant.

found on Daigle's person at the time of arrest matched "to a tee" R.M.'s description of the cell phone used by Daigle to record the sexual abuse. Finding probable cause, Judge Hovey issued the warrant to search the LG cell phone.

At the time of the December probable cause hearing, law enforcement had not yet found evidence of sexual abuse on the devices seized from the family residence. However, the forensic examination of the LG cell phone uncovered deleted videos of Daigle sexually abusing R.M.

Daigle was charged with three counts of sexual exploitation of minors in violation of 18 U.S.C. §§ 2251(a) and (e), and one count of possession of materials involving sexual exploitation of minors in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). He moved to suppress the videos found on the LG cell phone, arguing that Sheriff Hook's written affidavit failed to establish probable cause, that the "good faith" exception under United States v. Leon, 468 U.S. 897 (1984), did not apply, and that a Franks hearing was warranted because the affidavit contained an intentional misstatement and omission. Following a hearing, the district court denied Daigle's motion to suppress, finding that the search warrant was supported by probable cause. Further, the district court dismissed as moot Daigle's request for a Franks hearing, finding that his Franks issues had been addressed at the suppression hearing and, in any case, he had failed to establish a Franks violation.

Thereafter, defense counsel learned about a 2013 investigation into Daigle's alleged sexual abuse of his two oldest biological daughters. Daigle filed a motion to reconsider, arguing that a Franks hearing was warranted because Sheriff Hook had intentionally or recklessly omitted from his written affidavit information regarding the 2013 investigation—specifically, that no charges had resulted from that investigation, and that R.M. had denied being sexually abused by Daigle during a forensic interview in connection with that investigation. The district court denied the motion to reconsider, finding that Daigle should have been aware of the 2013

investigation at the time he filed his motion to suppress, and that, even if the argument had been timely raised, the inclusion of the omitted information in the written affidavit would not have eliminated the existence of probable cause to search the LG cell phone.

Daigle filed pro se a second motion to reconsider and a motion for a <u>Franks</u> hearing. The district court denied both motions. Daigle pled guilty to all counts pursuant to a plea agreement, but reserved the right to appeal the denial of his motion to suppress. The district court sentenced Daigle to 840 months imprisonment. This appeal follows.

## II.

Daigle first argues that the district court erred in denying his motion to suppress because Sheriff Hook's written affidavit was insufficient to establish probable cause and the <u>Leon</u> "good faith" exception to the exclusionary rule did not apply. He then argues that, even if the affidavit was sufficient, he was entitled to a <u>Franks</u> hearing because Sheriff Hook intentionally or recklessly omitted from his affidavit material information that, if included, would have negated a finding of probable cause. We address each issue in turn.

## A.

"In reviewing the district court's denial of a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions de novo." <u>United States v. Faulkner</u>, 826 F.3d 1139, 1144 (8th Cir. 2016). "Issuance of a search warrant must be supported by probable cause, which depends on whether, under the totality of the circumstances, there is a fair probability evidence of a crime will be found in a particular place." <u>Id.</u> Judges "may draw reasonable inferences from the totality of the circumstances in determining whether probable cause exists to issue a

warrant." United States v. Thompson, 210 F.3d 855, 860 (8th Cir. 2000). "As a reviewing court, we pay 'great deference' to the probable cause determinations of the issuing judge or magistrate, and our inquiry is limited to discerning whether the issuing judge had a substantial basis for concluding that probable cause existed." United States v. Lucca, 377 F.3d 927, 933 (8th Cir. 2004) (quoting Illinois v. Gates, 462 U.S. 213, 236 (1983)).

Daigle contends that Sheriff Hook's written affidavit was insufficient to establish probable cause because it failed to set forth: (1) a sufficient basis for assessing R.M. as reliable; (2) Sheriff Hook's qualifications and training in child sexual abuse investigations and assessment of witness reliability; (3) the forensic interviewer's identity and qualifications; (4) the source of the information presented in paragraphs 8, 9, and 10 of the affidavit, which set forth details of Daigle's sexual abuse of R.M.; and (5) the factual basis for R.M.'s knowledge that there was video of her on Daigle's phone at the time of arrest.[3]

As an initial matter, "probable cause is determined based on the information before the issuing judicial officer." United States v. Smith, 581 F.3d 692, 694 (8th Cir. 2009) (internal quotation marks omitted). Here, because the information before Judge Hovey included both Sheriff Hook's written affidavit and his oral testimony from the probable cause hearing, we consider both in determining whether probable cause supported the issuance of the search warrant. Further, Daigle focuses solely on

---

[3]Daigle also argues that the affidavit failed to include the circumstances and motives surrounding Celetra's report to Sheriff Hook—specifically, that Celetra was in the midst of leaving Daigle because he had physically harmed her and had cheated on her. He raises this argument as a basis for establishing both the insufficiency of the affidavit and his Franks claim. However, his briefs contain arguments that are relevant only to a Franks claim, i.e., that the inclusion of this information in the affidavit would have negated probable cause; he does not explain how the affidavit was insufficient to establish probable cause absent this information. Thus, we address this argument only in the context of Daigle's Franks claim.

what the affidavit lacked. However, "[t]he affidavit is judged on the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added." United States v. Allen, 211 F.3d 970, 975 (6th Cir. 2000). In any case, for the reasons discussed below, we agree with the district court that the alleged insufficiencies were either non-existent or harmless because the issuing judge nonetheless had a substantial basis for finding probable cause.

First, we reject Daigle's argument that Sheriff Hook failed to set forth a sufficient basis for assessing R.M. as reliable. This Court has explicitly held that, when information is provided by a victim-eyewitness to a crime, the affidavit in support of the search warrant application need not attest to the credibility of that informant or the reliability of the information he or she provided. United States v. Rajewich, 470 F.2d 666, 668 (8th Cir. 1972). As we explained in United States v. Sellaro, "the statement of an eyewitness [or victim] to a crime supplies its own indicia of reliability as a statement of facts rather than conclusions which must be tested to determine their factual basis." 514 F.2d 114, 124 (8th Cir. 1973); see United States v. Wallace, 550 F.3d 729, 734 (8th Cir. 2008) (per curiam) ("[L]aw enforcement officers are entitled to rely on information supplied by the victim of a crime, absent some indication the information is not reasonably trustworthy or reliable."). Sheriff Hook's affidavit and testimony make clear that R.M. was a victim-eyewitness to Daigle's crimes. This is sufficient to establish R.M.'s reliability.[4]

---

[4]Although Daigle argues that Sheriff Hook's affidavit omitted information indicating that R.M. was not reliable, that argument is not relevant for the purpose of determining whether the issuing judge had a substantial basis for finding probable cause. See Allen, 211 F.3d at 975. Rather, that argument is relevant only in the context of the Franks claim. In any case, this Court has noted that, even where the victim makes untrue statements, such statements do not necessarily detract from the victim's credibility regarding the crime at issue. Wallace, 550 F.3d at 734.

Second, we reject Daigle's argument that Sheriff Hook's failure to set forth his law enforcement training and qualifications in child sexual abuse investigations and assessment of witness reliability rendered his affidavit insufficient. "[A]n officer's testimony about his experience, although relevant . . . , is not a necessary element of a probable cause determination[.]" United States v. Brown, 374 F.3d 1326, 1328 (D.C. Cir. 2004); see United States v. Garay, 938 F.3d 1108, 1113 (9th Cir. 2019) ("We have long held that affiants seeking a warrant may state conclusions based on training and experience without having to detail that experience."). While Sheriff Hook opines in the affidavit that R.M. "is a reliable source," for the reasons discussed above, the affidavit sufficiently establishes R.M.'s reliability even absent that statement. Thus, the fact that the affidavit does not set forth Sheriff Hook's training and qualifications does not detract from a finding of probable cause.

Third, as to Daigle's claim the affidavit lacked the forensic interviewer's identity and qualifications, the affidavit does not include any statements or opinions of the forensic interviewer. All of the information contained in the affidavit was based on R.M.'s statements during the forensic interview and Sheriff Hook's observations of those statements. Thus, the forensic interviewer's identity and qualifications were irrelevant to the probable cause determination.

Fourth, paragraphs 8, 9, and 10 of the affidavit identify specific sexual acts that Daigle performed on R.M., and state where in the family residence these sexual acts took place. "[S]o long as the issuing [judge] can fairly infer the source and basis of the information, the [judge] permissibly may consider such an assertion when determining whether probable cause exists." United States v. Thurman, 625 F.3d 1053, 1056 (8th Cir. 2010); see United States v. Summage, 481 F.3d 1075, 1078 (8th Cir. 2007) (holding that a single statement in the affidavit lent itself to a fair inference that the victim was also the source of the rest of the information in the affidavit).

Although paragraphs 8, 9, and 10 do not explicitly identify the source of the information contained therein, it can be fairly inferred that R.M. was the source of all information regarding the details of Daigle's sexual abuse. Accordingly, the issuing judge was permitted to rely on the information contained in those paragraphs when assessing probable cause.

Daigle's final argument, that Sheriff Hook failed to establish the factual basis for R.M.'s knowledge that there was video of her on Daigle's cell phone, is unsustainable on the record. At the probable cause hearing, Sheriff Hook testified that the LG cell phone seized from Daigle at the time of his arrest was an average-sized smartphone in a camouflage protective case with tan rubber bumpers. He testified that the seized phone matched "to a tee" R.M.'s description of the device most recently used by Daigle to record the sexual abuse, which had last occurred about one month prior to the forensic interview. We find that these facts are sufficient to establish the basis for R.M.'s knowledge that there was video of her on Daigle's LG cell phone at the time of his arrest.

We hold that the issuing judge had a substantial basis for finding probable cause.[5] The district court did not err in denying Daigle's motion to suppress.

---

[5]Daigle also argues that the Leon "good faith" exception to the exclusionary rule does not apply. The Leon "good faith" exception provides that "evidence seized pursuant to a search warrant issued by a magistrate that is later determined to be invalid, will not be suppressed if the executing officer's reliance upon the warrant was objectively reasonable." United States v. Ross, 487 F.3d 1120, 1122 (8th Cir. 2007) (internal quotation marks omitted). Because we find that the search warrant was valid, we need not address whether the Leon "good faith" exception applies as to bar suppression. See United States v. Hyten, 5 F.3d 1154, 1156 n.5 (8th Cir. 1993) (noting that the court need not reach the Leon issue if the warrant is supported by probable cause).

B.

Daigle argues that, even if Sheriff Hook's affidavit, supplemented by his testimony, was sufficient to establish probable cause, the district court abused its discretion by denying his request for a Franks hearing. This Court reviews for abuse of discretion the denial of a Franks hearing. United States v. Hollis, 245 F.3d 671, 673 (8th Cir. 2001).

"Under Franks, a criminal defendant may request a hearing to challenge a search warrant on the ground that the supporting affidavit contains factual misrepresentations or omissions relevant to the probable cause determination." United States v. Arnold, 725 F.3d 896, 898 (8th Cir. 2013) (citing Franks, 438 U.S. at 155-56). "However, in order to merit a Franks hearing, [a defendant] must show both (1) that the affiant [] 'knowingly and intentionally' made false statements or made them in 'reckless disregard for the truth' and (2) if the false information is excised (or the omitted information is included), the affidavit no longer establishes probable cause." Id. (quoting Franks, 438 U.S. at 155-56). "The requirement of a substantial preliminary showing is not lightly met[.]" Id. (internal quotation marks omitted).

Daigle maintains that Sheriff Hook intentionally or recklessly omitted the following material information from his affidavit: (1) that Daigle had passed a polygraph test in connection with the 2013 investigation into his alleged sexual abuse of his two oldest daughters, which resulted in no charges; (2) that during the 2013 forensic interview, R.M. denied being sexually abused by Daigle; (3) that, at the time Sheriff Hook applied for the warrant to search the LG cell phone, no evidence of sexual abuse had been found pursuant to the warrant to search the devices seized from

-10-

the family residence; and (4) that Celetra was in the midst of leaving Daigle at the time she made the initial report to Sheriff Hook.[6]

We find that Daigle failed to make the requisite "substantial preliminary showing" to merit a <u>Franks</u> hearing. Assuming for the purpose of analysis that the omissions were intentional or in reckless disregard for the truth, Daigle nonetheless failed to show that the affidavit and testimony, if supplemented by the omitted information, would not have been sufficient to support a finding of probable cause. First, the search warrant was not based on any statements by Daigle, and nothing in the warrant application suggested that Daigle had denied sexually abusing R.M. in 2015 (nor does Daigle argue that any such denials were omitted from the application). Thus, Daigle's credibility was not in play, and the results of the 2013 polygraph test were not relevant to the probable cause determination. <u>See</u> <u>Tech. Ordinance, Inc. v. United States</u>, 244 F.3d 641, 649 (8th Cir. 2001) ("A law enforcement official is not required to include everything he knows about a subject in his affidavit, whether it is material to a finding of probable cause or not.").

Second, the failure to discover evidence on the devices seized from the family residence pursuant to the first search warrant did not make it any less probable that such evidence would be found on the LG cell phone in Daigle's possession. That is especially true in light of the fact that R.M. had specifically described the LG cell phone as the device most recently used to record the sexual abuse.

_____

[6]Daigle also argues for the first time on appeal that Sheriff Hook's failure to include his qualifications and experience constituted a <u>Franks</u> violation. Because Daigle failed to raise this argument below, we do not address it on appeal. <u>See</u> <u>United States v. Rees</u>, 447 F.3d 1128, 1130 (8th Cir. 2006) ("An argument not raised below cannot be raised on appeal for the first time unless the obvious result would be a plain miscarriage of justice." (internal quotation marks omitted)).

Third, the circumstances and motives surrounding Celetra's report to Sheriff Hook had no bearing on the probable cause analysis. An informant's motive for providing information is not necessarily essential to a probable cause determination, especially where probable cause would have been found even if the motive were included. United States v. Taylor, 471 F.3d 832, 840 (7th Cir. 2006). The only reference to Celetra in the affidavit was that she notified Sheriff Hook of her belief that Daigle had sexually abused R.M. While this information showed why Sheriff Hook subsequently arranged for R.M. to be forensically interviewed, it was the information disclosed by R.M. in her forensic interview that established probable cause. Thus, the inclusion in the affidavit of the circumstances and motives surrounding Celetra's report would not have negated probable cause. Cf. United States v. Macklin, 902 F.2d 1320, 1326 (8th Cir. 1990) (noting that, while the affidavit included stale information, "this information [wa]s provided as mere background, and its presence does not taint more recent information in the affidavit").

Finally, Daigle argues that Sheriff Hook omitted information about R.M.'s 2013 forensic interview that would have shown R.M. was unreliable. Daigle correctly notes that R.M.'s reliability was critical to the probable cause determination, and that certain information in R.M.'s 2013 forensic interview contradicts her 2015 forensic interview. Specifically, in 2013, R.M. denied being sexually abused by Daigle, but in 2015, she stated that Daigle had been sexually abusing her since May 2011. However, had Sheriff Hook included this information in the affidavit, he could have also included R.M.'s statements from her 2015 forensic interview that she had lied about the sexual abuse in 2013 because Daigle had told her that, if she betrayed him, he would kill her, and because she did not want to be branded as a liar, which Daigle had called his two oldest daughters. "'[O]nly if the affidavit as supplemented by the omitted material *could not* have supported the existence of probable cause' will suppression be warranted." United States v. Jacobs, 986 F.2d 1231, 1235 (8th Cir.

-12-

1993) (alteration and emphasis in original) (quoting United States v. Lueth, 807 F.2d 719, 726 (8th Cir. 1986)). Based on R.M.'s explanations for the inconsistencies, the inclusion of this information in the affidavit would not have prevented a finding that R.M. was reliable nor would it have negated a finding of probable cause. See Wallace, 550 F.3d at 733-74 (finding that the officer's omission from his affidavit of the victim's allegedly untrue statements did not constitute a Franks violation because the statements did not necessarily detract from the victim's credibility regarding the crime at issue).

Accordingly, we hold that the district court did not abuse its discretion in denying Daigle's request for a Franks hearing.

III.

For the foregoing reasons, we affirm.

_____