# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-1191

———————————————

United States of America

*Plaintiff - Appellee*

v.

Maurice Antwone Turner, also known as Maurice Antoine Turner

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Southern District of Iowa - Davenport

————————

Submitted: January 17, 2020
Filed: March 23, 2020

————————

Before COLLOTON, SHEPHERD, and ERICKSON, Circuit Judges.

————————

ERICKSON, Circuit Judge.

Maurice Turner entered a conditional guilty plea to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] sentenced him to 72 months' imprisonment. Turner appeals the district

———————————

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

court's denial of his motion to suppress evidence seized at his residence as well as statements he made to law enforcement officers at his residence and at the police station. We conclude the search warrant was supported by probable cause and Turner failed to make the requisite showing entitling him to a hearing under Franks v. Delaware, 438 U.S. 154 (1978). We affirm.

## I.    Background

Beginning in 2015 and continuing into 2017, the Iowa City Police Department ("ICPD") was investigating Quentin Johnson for suspicion of drug trafficking. Law enforcement officers discovered that Johnson was associated with several different addresses, including 2024 Davis Street in Iowa City, Iowa. On April 11, 2017, the ICPD used a confidential informant to make a controlled buy from Johnson. The officers, using visual surveillance, observed Johnson travel from Davis Street to another location where he met the confidential informant. The confidential informant shortly thereafter met the officers at the police station and gave them a box of marijuana. The confidential informant confirmed Johnson had sold to him.

Turner and his girlfriend, Anjanette Carter, resided at 2023 Davis Street, which is located across the street from 2024 Davis Street. On April 12, 2017, ICPD officers searched the contents of two large garbage containers retrieved from the curb directly in front of 2023 Davis Street. The officers documented the recovery of several items, including (1) a black pill bottle containing marijuana residue; (2) a clear, wax container with marijuana residue; (3) three plastic baggies with marijuana stems; (4) three empty prescription bottles made out to Carter with 2023 Davis Street as the listed address; and (5) an envelope addressed to Carter at 2023 Davis Street. At the time of the trash pull, two vehicles were parked in the driveway at 2023 Davis Street: one was a green Chevy Lumina registered in Iowa to Turner and the other vehicle was a silver Chevy sedan registered in Minnesota to Enterprise Rental Services, who confirmed that Turner had rented the vehicle. Turner's criminal history included

convictions for manufacturing/delivery of controlled substances, possession of controlled substance, and unlawful possession of a weapon by a felon.

On April 13, 2017, the ICPD obtained a search warrant for the residence at 2023 Davis Street. Detective Ryan Wood signed the affidavit supporting the search warrant application. The affidavit included some information about the Johnson investigation, the items recovered from the trash pull, and Turner's criminal history. It also stated that a confidential informant had previously reported to Detective Brad Murphy, another ICPD detective, that Johnson was associated with 2023 Davis Street, and that the confidential informant had purchased marijuana from Johnson at that address. On April 12, 2017, the confidential informant and Detective Murphy drove by 2023 Davis Street and the confidential informant confirmed this was the place where he had purchased marijuana on two occasions.

About an hour later on April 13, 2017, the ICPD obtained a search warrant for the curtilage of 2024 Davis Street. Detective Murphy signed this affidavit supporting the search warrant application. The warrant affidavit contained more details about the ongoing investigation into Johnson's drug trafficking activities, including items seized from a search warrant executed at 2024 Davis Street in March 2016, information obtained from an additional Crime Stopper "tip," and a copy of a report from an interview with a confidential informant. A couple hours later, the ICPD obtained a search warrant for the residence at 2024 Davis Street.

On April 20, 2017, the ICPD executed the search warrants for 2023 Davis Street and 2024 Davis Street. Turner, Carter, another adult, and two children were inside the 2023 Davis Street residence at the time. The officers advised Turner and the other adults of their Miranda rights. Officers then asked Turner if there was anything illegal in the residence. Turner informed the officers that firearms and marijuana were present. The officers located two firearms and a small amount of marijuana. When the officers asked Turner about a shooting that occurred on

February 25, 2017, Turner provided information about the shooting. After Turner was transported to the ICPD, he was interviewed and provided law enforcement officers with more details about the shooting.

Turner was charged with possession of a firearm by a convicted felon. He moved to suppress the evidence obtained from the search of his residence on the ground that the warrant was obtained through deception because the supporting affidavit included misleading information and excluded information that would have mitigated against a probable cause finding. Turner also sought to suppress statements he made to the ICPD officers as fruits of the poisonous tree. The district court denied the motion, without a hearing, and Turner entered a conditional guilty plea that preserved his right to appeal the denial of the motion.

## II. Analysis

When reviewing the denial of a suppression motion, we review the district court's findings of fact for clear error and its legal conclusions *de novo*. United States v. Green, 946 F.3d 433, 438 (8th Cir. 2019) (citation omitted). We review for abuse of discretion a district court's refusal to grant a hearing under Franks v. Delaware, 438 U.S. 154 (1978). United States v. Charles, 895 F.3d 560, 564 (8th Cir. 2018) (citing United States v. Snyder, 511 F.3d 813, 816 (8th Cir. 2008)).

Detective Wood's affidavit recited that Turner had prior drug convictions for possession and manufacturing/delivery of controlled substances, that a search of the trash at his residence yielded evidence of illegal drug activity, and that a rental car was located in the driveway along with Turner's own vehicle. The detective noted that based on his training and experience drug traffickers will often utilize rental cars to transport drugs and money. This information, alone, established probable cause to issue a warrant to search Turner's residence for evidence of drug trafficking and

weapons. See United States v. Thurmond, 782 F.3d 1042, 1046 (8th Cir. 2015) (discovery of two marijuana roaches in trash provided probable cause); United States v. Smith, 581 F.3d 692, 694 (8th Cir. 2009) (probable cause established by reciting prior drug conviction and evidence recovered in trash pull). The warrant was facially valid.

Relying on Franks, Turner next argues the warrant was invalid because Detective Wood's affidavit was designed to mislead the issuing court by omitting necessary information and including false and deceptive statements. In order to be entitled to a Franks hearing, Turner "must make a substantial preliminary showing that there was an intentional or reckless false statement or omission which was necessary to the finding of probable cause, a requirement which is 'not easily met.'" Snyder, 511 F.3d at 816 (quoting United States v. Gabrio, 295 F.3d 880, 883 (8th Cir. 2002)). In order to prevail, Turner must demonstrate: (1) the law enforcement officer "deliberately or recklessly included a false statement in, or omitted a true statement from, his warrant affidavit;" and (2) "the affidavit would not establish probable cause if the allegedly false information is ignored or the omitted information is supplemented." Id. (citations omitted).

Turner's attempts to demonstrate an intentional or reckless false statement or omission fall short of this rigorous standard. Turner first contends that the detective intentionally omitted additional information about the Johnson investigation from the 2023 Davis Street warrant affidavit in order to mislead the issuing court into believing that Johnson had an association with both 2023 and 2024 Davis Street. Turner has failed to provide a convincing argument as to how detailed information about criminal activity at 2024 Davis Street and Johnson's association with that address would have affected the probable cause determination as to Turner's residence located across the street.

Turner next attacks the affidavit's averment that officers recovered indicia for Carter during a trash pull. Turner questions whether there was a trash pull at all. He further claims that if the court determines there was a trash pull, then officers took mail from the residence during the search and "planted" it in the trash pull. He supported his claim by providing an affidavit from Carter, stating "I have never thrown away mail from any school that dealt with any of my children or any other mail." Turner's accusation of such egregious misconduct is belied by evidence in the record, including photographs of the evidence taken from the trash at the time it was recovered on April 12, 2017; the officers' inventory control sheet dated April 12, 2017, at 07:30 (eight days before the search warrant was executed), documenting as item no. 6 indicia of Carter; and the ICPD computerized inventory system showing "ID" for Carter was logged into the system on April 18, 2017 (two days before the search warrant was executed).

Turner's final contentions pertain to the confidential informant. Turner makes two claims: (1) that the issuing judge did not make an independent determination about the confidential informant's credibility as required under Iowa law, and (2) the confidential informant's statement about previous purchases of marijuana from 2023 Davis Street was stale and the detective knew so or else he would have included the date the purchases were made. As noted earlier, probable cause for the warrant existed without inclusion of the confidential informant's statement. Additionally, we have concluded that omission of information about a confidential informant in a warrant affidavit does not meet the requisite rigorous standard entitling a defendant to a Franks hearing if the informant's credibility is not significant to the probable cause inquiry. United States v. Carnahan, 684 F.3d 732, 735 (8th Cir. 2012).

As to Turner's assertion that the information supporting a warrant was stale, we have noted "[t]here is no bright-line test." United States v. Perry, 531 F.3d 662, 666 (8th Cir. 2008) (quoting United States v. Summage, 481 F.3d 1075, 1078 (8th

Cir. 2007)). We have explained that "information about criminal activity at an earlier, unspecified time may combine with factually connected, recent, time-specific information to provide a substantial basis for the conclusion that the criminal activity described in an affidavit is sufficiently close in time to the search warrant application." United States v. Maxim, 55 F.3d 394, 397 (8th Cir. 1995) (quotation and citation omitted). Although the dates of the purchases are not specified, the affidavit follows a chronological outline of events. The confidential informant confirmed on April 12, 2017, that 2023 Davis Street was the location where he had previously purchased marijuana. Rather than attributing the omission to an innocent mistake or negligence, Turner hypothesizes that the detective knew that providing the time frame would make the information stale and valueless. This type of speculation is insufficient to compel a Franks hearing. See United States v. Leisure, 844 F.2d 1347, 1358 (8th Cir. 1988) (concluding that an argument based purely on a defendant's speculation is insufficient to warrant a Franks hearing).

Franks requires stronger proof than what Turner has attempted to piece together here. Because Turner failed to make either the requisite showing of intentional or reckless falsehood or omission, or that the probable cause analysis would change if the affidavit was modified as suggested by Turner, the district court did not abuse its discretion in denying a Franks hearing. Because the warrant was supported by probable cause, the motion to suppress was properly denied.

III. **Conclusion**

The judgment of the district court is affirmed.

_____