# United States Court of Appeals

## For the Eighth Circuit

_____

No. 20-1042

_____

United States of America

*Plaintiff - Appellee*

v.

Danny Ray Reed, Sr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: September 24, 2021
Filed: February 7, 2022

_____

Before KELLY, ERICKSON, and GRASZ, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Following the district court's[1] denial of his suppression motion, Danny Reed entered a conditional guilty plea to possession with intent to distribute a mixture or

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri, adopting the report and recommendations of the Honorable Abbie Crites-Leoni, United States Magistrate Judge for the Eastern District of Missouri.

substance containing heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), as well as a charge of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) and (c)(1)(B).[2] The written plea agreement preserved Reed's right to appeal the denial of the suppression motion. Reed now appeals, contending the search warrant affidavit was not supported by probable cause. We disagree and we affirm.

## I.   BACKGROUND

Poplar Bluff, Missouri, detectives began investigating Reed in the spring of 2014, after receiving tips from informants that Reed was trafficking heroin out of his residence and complaints from Reed's neighbors about unusually high traffic to and from the residence, consistent with drug trafficking. On May 21, 2014, while surveilling Reed's residence, Detectives Jason Morgan and Josh Stewart observed a known heroin addict, James Hovis, leave the residence and approach a parked vehicle with three occupants. Aware that Hovis had an outstanding arrest warrant, the detectives arrested him. During a search incident to the arrest, Hovis was found to be in possession of heroin and hydrocodone. During an interview, Hovis informed law enforcement that Reed sold him heroin from a metal tin that Reed kept in his pants pocket. Based on the information received from Hovis and his personal observations, Detective Morgan prepared an application for a search warrant covering Reed's residence and an affidavit in support of the application. A state judge issued the warrant.

The warrant was executed on May 30, 2014. Reed was present at the residence and was directed by Detective Morgan to remove his hat and empty his pockets. A tin containing heroin was found in Reed's pocket and crack cocaine was located in the brim of his hat. Reed was arrested and transported to jail. The search

---

[2]Reed's conditional guilty plea included three additional charges, which were dismissed after a previous appeal.

continued, ultimately producing various items of evidence, including a short-barreled shotgun and ammunition.

Reed moved to suppress the evidence obtained from the search, claiming, as relevant to this appeal, that the warrant was without sufficient probable cause. The magistrate judge held an evidentiary hearing, during which Detective Morgan testified. The court, limiting its review on the probable cause issue to the affidavit, found the affidavit established: (1) the circumstances of Hovis' arrest, including his possession of heroin and hydrocodone; (2) that law enforcement knew that both Hovis and Reed were involved in heroin distribution; (3) Hovis had reported that Reed kept heroin in a small container inside his pocket from which he made heroin sales; (4) Reed still had heroin in the container after he sold the heroin to Hovis; and (5) a state judge found the existence of probable cause. The court concluded the affidavit was sufficient to demonstrate probable cause. The district court adopted the magistrate judge's report and recommendation and denied Reed's suppression motion.

## II.    DISCUSSION

We review the denial of a suppression motion under a clear error analysis for findings of fact and the court's legal conclusions *de novo*. United States v. Turner, 953 F.3d 1017, 1020 (8th Cir. 2020). When the issuing judge relies entirely on a search warrant affidavit, we likewise limit our consideration on the probable cause determination to the affidavit. United States v. Roberts, 975 F.3d 709, 713 (8th Cir. 2020). We give great deference to the issuing magistrate judge's decision regarding the existence of probable cause in an affidavit. United States v. Solomon, 432 F.3d 824, 827 (8th Cir. 2005) (citing United States v. Leon, 468 U.S. 897, 914 (1984)). The existence of probable cause "depends on whether, under the totality of the circumstances, there is a fair probability evidence of a crime will be found in a particular place." United States v. Daigle, 947 F.3d 1076, 1081 (8th Cir. 2020) (quoting United States v. Faulkner, 826 F.3d 1139, 1144 (8th Cir. 2016)).

Reed contends the affidavit failed to provide probable cause because it relied upon statements from a known heroin trafficker without specifically showing his reliability. Reed believes that without some corroboration, such as a controlled buy, the affidavit is based on unreliable information and lacks probable cause.

Reed misapprehends our precedent. We have determined that when probable cause depends on information obtained from a source, we look to more than just the source's history. We review all the circumstances known to law enforcement, clustering our analysis around a core question: is the information reliable? United States v. Evans, 4 F.4th 633, 637 (8th Cir. 2021). This is not an anonymous informant case, as Hovis was well known to law enforcement. When the informant is known, it is proper to give them more credence than anonymous informants because "they can be held responsible if the allegations turn out to be fabricated." United States v. O'Dell, 766 F.3d 870, 874 (8th Cir. 2014) (per curiam). While it is true that some independent verification is required when a known informant is without a track record of reliability, United States v. Nolen, 536 F.3d 834, 840-41 (8th Cir. 2008), corroboration of even minor or innocent details may be sufficient to establish probable cause, United States v. Keys, 721 F.3d 512, 518 (8th Cir. 2013).

Information in the affidavit, which was obtained both from Hovis and the investigation, established probable cause to believe that Reed had engaged in drug trafficking and that his residence was likely to contain evidence of his ongoing criminal activity. Detective Morgan's independent observations of Hovis leaving Reed's residence and approaching the vehicle immediately before finding heroin and hydrocodone on Hovis corroborated Hovis' claim that evidence of a crime would likely be found at the residence. Hovis admitted to purchasing the heroin from Reed and possessing it. Hovis provided first-hand information about Reed selling heroin that Reed kept in a small container inside his pocket. The affidavit was sufficient to sustain the warrant.

Reed has moved for leave to file a *pro se* supplemental brief raising a couple additional issues. While we generally do not accept *pro se* briefs from a represented defendant, United States v. Parks, 902 F.3d 805, 815 (8th Cir. 2018), we may do so in our discretion, United States v. Miranda-Zarco, 836 F.3d 899, 901 (8th Cir. 2016). In his *pro se* brief, Reed, in part, claims that the district court acted improperly when it constructively amended the indictment's charge from 18 U.S.C. § 924(c)(1)(A) to 18 U.S.C. § 924(c)(1)(B)(i), thereby increasing the mandatory minimum sentence from five to ten years. Assuming Reed has not waived claims relating to the sufficiency of the indictment, he has not presented a claim entitling him to relief.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure generally requires an indictment to cite the statute or other provision of law that the defendant is alleged to have violated. That said, Fed. R. Crim. P. 7(c)(2) states: "Unless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction." Reed's claim is effectively foreclosed by the rule due to his failure to show how he was misled or prejudiced by the error in the indictment.

Even though the indictment cited 18 U.S.C. § 924(c)(1)(A), the indictment adequately informed Reed that he was being charged with conduct prohibited in 18 U.S.C. § 924(c)(1)(B)(i)—that is, knowingly possessing, in furtherance of drug trafficking, a .410 gauge shotgun, bearing serial number A753311B, which was specifically described as "a short-barreled shotgun" with a "barrel length [of] less than 18 inches," as defined by 26 U.S.C. § 5845(a)(1). The record makes plain that, consistent with § 924(c)(1)(B)(i), Reed was properly informed that he faced a ten-year mandatory minimum sentence in the operative plea agreement and again during the district court's colloquy at the change of plea hearing. Reed expressly acknowledged he understood the penalties he was facing. Armed with this knowledge, Reed entered a plea of guilty. Given this irrefutable evidence, the statutory citation mistake in the indictment does not give rise to a claim entitling Reed to relief. See United States v. Buchanan, 574 F.3d 554, 565-66 (8th Cir. 2009)

(rejecting a claim that the omission of a statutory citation misled the defendant when the defendant did not indicate how the omission misled him and the elements of the intended attempt charge were clearly set forth in the indictment); United States v. Allen, 272 F. App'x 538, 539 (8th Cir. 2008) (unpublished per curiam) (concluding that although the indictment mistakenly referred to 18 U.S.C. § 1791(b)(2), instead of § 1791(b)(1), the defendant was not prejudiced by the mistake given his admissions during the plea hearing).

For these reasons, Reed is not entitled to relief on his claim related to the indictment's mistaken statutory citation.[3]

## III. CONCLUSION

We grant Reed's motion for leave to file a supplemental brief. For the foregoing reasons, we affirm the judgment of the district court.

_____

---

[3]We have reviewed and summarily reject the remaining arguments in Reed's supplemental brief as wholly devoid of merit.