# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3665
_____

United States of America

*Plaintiff - Appellee*

v.

Ervin L. St. Claire

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: June 16, 2016
Filed: August 5, 2016

_____

Before MURPHY, BRIGHT, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Following a jury trial, Ervin St. Claire ("St. Claire") was convicted of three counts of aggravated sexual abuse in violation of 18 U.S.C. §§ 1153 and 2241(c), as well as three counts of abusive sexual contact in violation of 18 U.S.C. §§ 1153 and 2244(a)(5). St. Claire appeals his conviction and sentence, arguing that the district

court[1] abused its discretion in admitting testimony from a fourth alleged victim, whom St. Claire has not been charged with assaulting, and in imposing a life sentence. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

St. Claire is married to Veronica St. Claire ("Veronica"), with whom he lived in Dunseith, North Dakota. Occasionally, Veronica's grandchildren visited their home.

Bureau of Indian Affairs Special Agent John Rogers received a Suspected Child Abuse and Neglect Report alleging that St. Claire had sexually abused one of his step-granddaughters. Special Agent Rogers began an investigation, which revealed purported sexual abuse of three of St. Claire's step-granddaughters and ultimately led to St. Claire being charged with six counts of sexual abuse of children or minors.

St. Claire was initially indicted for aggravated sexual abuse of two children under the age of twelve in violation of 18 U.S.C. §§ 1153 and 2241(c) (Counts One and Two); abusive sexual contact of a child under the age of twelve in violation of 18 U.S.C. §§ 1153 and 2244(a)(5) (Count Three); and abusive sexual contact with a minor between the ages of twelve and sixteen in violation of 18 U.S.C. §§ 1153 and 2244(a)(3) (Count Four). A superseding indictment was later returned adding an additional count of aggravated sexual abuse of a child under the age of twelve (Count Five) and another count of sexual abusive contact of a child under the age of twelve (Count Six). Counts Five and Six were added for the alleged abuse of the third step-granddaughter.

---

[1]The Honorable Ralph R. Erickson, Chief Judge, United States District Court for the District of North Dakota.

St. Claire's trial commenced in June 2015. At trial, a fourth step-granddaughter, ML, whom St. Claire had not been charged with assaulting, testified over St. Claire's objection. ML recounted that St. Claire unbuttoned her pants and put his hands under her underwear when she was about three years of age. ML was sixteen years of age at the time of trial.

The jury found St. Claire guilty on all six counts. The statutory range for Counts One, Two, and Five was 30 years to life. 18 U.S.C. § 2241(c). The maximum term of imprisonment for Counts Three and Six was life. 18 U.S.C. § 2244(a)(5). The maximum term of imprisonment for Count Four was two years. 18 U.S.C. § 2244(a)(3). At sentencing, the district court determined that St. Claire's total offense level under the United States Sentencing Guidelines ("U.S.S.G.") was 53, which put him ten levels above the maximum offense level of 43. See U.S.S.G. ch. 5, pt. A, cmt. n.2. The district court further determined that St. Claire had a Criminal History Category of III. This combination of total offense level and criminal history resulted in a recommended guideline range of life. Neither the defense nor the government objected to the district court's guideline determination. The government recommended an overall sentence of life imprisonment, and St. Claire requested a sentence of 30 years. The district court imposed concurrent life sentences on Counts One, Two, Three, Five, and Six, as well as a concurrent two-year term of imprisonment on Count Four.

## II.

St. Claire appeals his conviction and sentence. He argues the district court abused its discretion by allowing ML's testimony under Federal Rule of Evidence 414 and by imposing a substantively unreasonable life sentence. We will consider his arguments in turn.

We review evidentiary rulings made by the district court for abuse of discretion. United States v. Hollow Horn, 523 F.3d 882, 887 (8th Cir. 2008). We reverse "only when an improper evidentiary ruling affected the defendant's substantial rights or had more than a slight influence on the verdict." United States v. Picardi, 739 F.3d 1118, 1124 (8th Cir.), cert. denied, 134 S. Ct. 2852 (2014) (quoting United States v. Summage, 575 F.3d 864, 877 (8th Cir. 2009)).

Federal Rule of Evidence 414(a) provides, "In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." The definition of "child molestation" includes any crime under federal or state law involving "contact between any part of the defendant's body . . . and the child's genitals." Fed. R. Evid. 414(d)(2)(C). "If the evidence of the defendant's prior sexual offense is relevant, the evidence is admissible unless its probative value is substantially outweighed by one or more of the factors enumerated in Rule 403, including the danger of unfair prejudice." Hollow Horn, 523 F.3d at 887 (internal quotations and citation omitted). The remaining Rule 403 enumerated factors are confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

St. Claire argues that ML's testimony was cumulative of the other victims' testimony. ML and the other victims are all grandchildren of St. Claire's wife, and much of the sexual abuse occurred in St. Claire and his wife's house. The abuse that ML indicated she experienced involved the same type of contact that the other victims testified about – St. Claire putting his hands down the girls' underwear and touching their vaginal areas. ML's testimony is probative of this consistency and tends to show St. Claire's propensity to molest his wife's young granddaughters in the home he shared with his wife. ML was the only witness to testify under Rule 414, and the fact

that her testimony was cumulative of the testimony of the other three step-granddaughters, whom St. Claire was charged with sexually assaulting, does not substantially outweigh ML's testimony's probative value. With respect to whether her testimony's probative value is substantially outweighed by the risk of unfair prejudice, ML's testimony is not unfairly prejudicial because it is so similar to "the acts charged, it would not be so facially inflammatory as to unduly divert attention from the issues of the case." United States v. Gabe, 237 F.3d 954, 960 (8th Cir. 2001) (quoting United States v. Butler, 56 F.3d 941, 944 (8th Cir. 1995)).

Accordingly, we conclude that the district court did not abuse its discretion in admitting ML's testimony under Rule 414.

B.

St. Claire also argues that a life sentence was greater than necessary to serve the objects of sentencing and therefore substantively unreasonable. He also contends that because he is 66 years old, the 30-year statutory minimum would effectively be a life sentence but would afford him certain opportunities a life sentence would not.

We review the substantive reasonableness of a sentence under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 52 (2007). We consider "the totality of the circumstances, including the extent of any variance from the Guidelines range." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (quoting Gall, 552 U.S. at 51). "[S]ubstantive appellate review in sentencing cases is narrow and deferential . . . , it will be the unusual case when we reverse a district court sentence – whether within, above, or below the applicable Guidelines range – as substantively unreasonable." Id. at 464 (quoting United States v. Gardellini, 545 F.3d 1089, 1090 (D.C. Cir. 2008)). "A sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal." United States v. Vaughn, 519 F.3d 802, 805 (8th Cir. 2008) (quoting United States v. Robinson, 516

F.3d 716, 717 (8th Cir. 2008)).  The fact that we might have reasonably concluded "that a different sentence was appropriate is insufficient to justify reversal of the district court."  Gall, 552 U.S. at 51.

Here, a life sentence was within the Guidelines range.  The district court found that a life sentence was appropriate because the evidence against St. Claire was overwhelming and St. Claire demonstrated a high risk to re-offend.  The court considered that the sexual assaults occurred over a period of a decade, St. Claire abused the trust and close relationship that he had with his grandchildren, he showed no remorse, and he made attempts to cover up his crimes.  The court also weighed other 18 U.S.C. § 3553(a) sentencing factors including the need for the sentence to reflect the seriousness of the offense, adequate deterrence, protection of the public, and the promotion of respect for the law.  Giving deference to the district court as required by Gall, we conclude that under the totality of the circumstances, the district court did not abuse its discretion in imposing a life sentence.

## III.

For the foregoing reasons, we affirm the district court's evidentiary ruling and sentence it imposed.

_____