# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2664
_____

United States of America

*Plaintiff - Appellee*

v.

Darrell Rosen

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: May 13, 2019
Filed: June 26, 2019
[Unpublished]

_____

Before COLLOTON, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Following exposure of his fraudulent investment scheme, Darrell Rosen pled guilty to one count of engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. § 1957 (a) and (d), and one count of filing a false or fraudulent tax return, in violation of 26 U.S.C. § 7206(1).

The district court[1] sentenced him to 63 months imprisonment on the engaging-in-monetary-transactions conviction and 36 months on the tax-fraud conviction, with the sentences running concurrently. Rosen appeals, arguing that the district court improperly applied a sentencing enhancement based on his use of "sophisticated means" in carrying out his crimes and asserting that his sentence is substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Between 2010 and 2014, Rosen sold investors on his business plans regarding the training and sale of highly-trained security dogs and the creation of a luxury dog-boarding facility. Rosen, who had previous experience as a director with Proctor and Gamble's Iams dog food division, represented to his investors that he had the contacts and experience to train and sell dogs for significant profit and to create a high-end boarding facility, promising his investors up to 25% returns on their investments. Rosen, however, never developed his purported business and instead used the investors' funds to pay off other investors or to bankroll his lifestyle, which included luxury vacations, designer handbags and watches, and diamond jewelry. Rosen also used investor funds to pay for his daughter's wedding. His scheme defrauded his investors of roughly $1.5 million.

Following discovery of his fraudulent scheme, Rosen was charged with three counts of wire fraud, four counts of engaging in monetary transactions in property derived from unlawful activity, four counts of filing a false tax return, and one count of filing a false declaration in relation to a bankruptcy case. Rosen entered a guilty plea to one count of engaging in monetary transactions involving property derived from unlawful activity and one count of tax fraud. The remaining 10 charges were dismissed. At sentencing, based upon the duration and nature of the scheme, the district court applied a two-level sentencing enhancement for use of sophisticated

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

means, pursuant to United States Sentencing Commission, Guidelines Manual, § 2B1.1(b)(10)(C). Rosen's Guidelines range was 63 to 78 months, and the district court sentenced him to a total term of imprisonment of 63 months.

Rosen first asserts that the district court erred in applying the "sophisticated means" enhancement under USSG § 2B1.1(b)(10)(C), arguing that, while his scheme may have been repetitive, it was not coordinated or sufficiently intricate. In a challenge to a sentencing enhancement for sophisticated means, "[w]e review the district court's factual findings for clear error and its construction and application of the Guidelines de novo." United States v. Meadows, 866 F.3d 913, 917 (8th Cir. 2017) (alteration in original) (quoting United States v. Beckman, 787 F.3d 466, 494 (8th Cir. 2015)).

Under USSG § 2B1.1(b)(10)(C), the district court applies a two-level enhancement if "the offense . . . involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means." Sophisticated means involve "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." Id. § 2B1.1, comment. (n.9(B)). "Sophisticated means need not be highly sophisticated. The application of [t]he sophisticated-means enhancement is proper when the offense conduct, viewed as a whole, was notably more intricate than that of the garden-variety [offense]." United States v. Norwood, 774 F.3d 476, 480 (8th Cir. 2014) (per curiam) (alterations in original) (internal quotation marks omitted).

> Although there is no mechanical test to determine whether a scheme is sufficiently sophisticated to qualify for the enhancement, we have in the past looked at the following factors: (1) the overall length of the scheme; (2) the use of forged or false documents; and (3) the use of Ponzi-type payments. Overall, the sophistication of the offense conduct is associated with the means of repetition, the coordination required to

-3-

carry out the repeated conduct, and the number of repetitions or length of time over which the scheme took place.

Meadows, 866 F.3d at 917-18 (citations omitted) (internal quotation marks omitted).

The district court determined that Rosen's conduct warranted the sophisticated-means enhancement based upon the high number of victims (13); the duration of the scheme (4 years); the creation of fraudulent documents to induce investors, including contracts showing the purchase and sale of dogs; Rosen's use of repetitive pitches tailored to individual victims; Rosen's background and experience in dog training; Rosen's efforts to keep his victims separate so they did not have knowledge of one another; Rosen's efforts to conceal his misrepresentations; and Rosen's efforts to create the illusion of legitimacy surrounding his fraudulent scheme. The district court's determination that Rosen's offense was repetitive, coordinated, and markedly more intricate than a garden-variety offense is supported by the record and we find no error in the district court's application of the sophisticated-means sentencing enhancement. See United States v. Fiorito, 640 F.3d 338, 351 (8th Cir. 2011) (affirming application of sophisticated-means enhancement where defendant engaged in repeated acts of convincing vulnerable individuals to fall victim to fraudulent scheme, which lasted 3 years and involved at least 11 victims).

Rosen next asserts that his within-Guidelines-range sentence is substantively unreasonable, arguing that the district court failed to appropriately consider his mental health issues, specifically his diagnosis of bipolar disorder, and that a shorter sentence would allow Rosen to pay restitution to his victims sooner. "We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. . . . A sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal." United States v. St. Claire, 831 F.3d 1039, 1043 (8th Cir. 2016) (internal quotation marks omitted).

The district court heard testimony about Rosen's diagnosis and the extent to which it affected his behavior but stated that it did not agree with Rosen's contention that, but for his mental illness, he would not have engaged in the scheme. The district court similarly discounted Rosen's argument that a shorter sentence would allow him to begin working toward paying his court-ordered restitution, noting that there was no evidence in the sentencing record that Rosen had begun making any efforts to repay his victims during the time the case had been pending. Instead, the district court noted that the Guidelines range of 63 to 78 months was relatively favorable to Rosen considering the nature of the offense, the number of victims, and the amount of money involved, explicitly stating that Rosen would be "coming out eas[ier]" than other criminals, particularly those involved in drug offenses. The district court acknowledged the 18 U.S.C. § 3553(a) factors Rosen urged; it acted within its "wide latitude" in weighing these factors by assigning the aggravating factors more weight than Rosen's purportedly mitigating factors of his mental illness and need to work to pay off his restitution. See United States v. Boelter, 806 F.3d 1134, 1136 (8th Cir. 2015) (per curiam). The district court did not impose a substantively unreasonable sentence.

For the foregoing reasons, we affirm.

_____