# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-3686

_____

United States of America

*Plaintiff - Appellee*

v.

Stephen D. Morais

*Defendant - Appellant*

_____

No. 18-3687

_____

United States of America

*Plaintiff - Appellee*

v.

Stephen D. Morais

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: June 25, 2019
Filed: July 1, 2019
[Unpublished]

_____

Before COLLOTON, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

In these consolidated appeals, Stephen D. Morais challenges the prison sentence the district court[1] imposed after he pleaded guilty to failing to register as a sex offender; and he challenges the consecutive prison sentence the district court imposed upon revoking his supervised release. Morais's counsel has moved for leave to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the sentences are substantively unreasonable.

After careful review, we conclude that the district court did not impose a substantively unreasonable sentence for either the new conviction or the revocation. See United States v. McGhee, 869 F.3d 703, 705-06 (8th Cir. 2017) (per curiam) (revocation sentencing decisions are reviewed under same standards as initial sentencing decisions; substantive reasonableness of either type of sentence is reviewed for abuse of discretion). The record reflects that, in determining each sentence, the court considered and discussed relevant 18 U.S.C. § 3553(a) factors, see United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (abuse of discretion occurs in criminal sentencing when court fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors); United States v. Miller, 557 F.3d 910, 917 (8th Cir. 2009) (same for revocation sentencing); and imposed a sentence within the Guidelines range, see United States v. St. Claire, 831 F.3d 1039, 1043 (8th Cir. 2016) (within-Guidelines criminal sentence is accorded a presumption of substantive reasonableness on appeal); United States v. Perkins, 526 F.3d 1107, 1110 (8th Cir. 2008) (same for revocation sentence). We further conclude that the district court did

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

not err when it ordered that the sentences be served consecutively. <u>See</u> U.S.S.G. § 5G1.3 comment. (n.4(C)) (recommending that a revocation sentence and a sentence for a new offense run consecutively).

An independent review of the record reveals no nonfrivolous issues for appeal. <u>See</u> <u>Penson v. Ohio</u>, 488 U.S. 75 (1988). Accordingly, we grant counsel leave to withdraw, and we affirm both sentences.

_____