# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-3033

_____

United States of America

*Plaintiff - Appellee*

v.

Jose Escalante, also known as Jesus Escalante, also known as Junior

*Defendant - Appellant*
_____

Appeals from United States District Court
for the Western District of Arkansas - Ft. Smith
_____

Submitted: September 26, 2019
Filed: December 26, 2019
_____

Before GRUENDER, BENTON, SHEPHERD, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

Jose Escalante entered a conditional guilty plea to one count of distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii), related to his role in a methamphetamine distribution scheme in Northwest Arkansas. Prior to his guilty plea, the district court denied Escalante's motion for retesting of drug quality and quantity and approval of expenditures.

Escalante then entered a guilty plea and the district court[1] sentenced him to 200 months imprisonment. Escalante appeals, asserting that the district court erred by denying his motion for retesting of drug quality and quantity and approval of expenditures, as well as in imposing a substantively unreasonable sentence. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Escalante first asserts that the district court erroneously denied his motion for retesting of drug quality and quantity and for approval of expenditures. Escalante filed a motion challenging the results of the government's testing of the seized methamphetamine, arguing that it was not as pure as the testing revealed. Escalante's co-defendant, Jose Garcia, filed a similar motion. The district court denied both motions, concluding that no reasonable basis existed to question the results of the government's testing when the motions were based on subjective statements about the drug purity. Escalante challenges this decision, asserting that he had articulated to the district court his firsthand knowledge of the purity of the methamphetamine as a drug user who had tried the drugs and that this formed a reasonable basis for his motion. Escalante also argues that, at the very least, the district court should have held an ex parte proceeding on the motion.

"We review a district court's decision to deny an application to fund an expert witness for an abuse of discretion, and we will not reverse unless prejudice is shown." United States v. Bertling, 370 F.3d 818, 820 (8th Cir. 2004) (internal citation omitted).

Under 18 U.S.C. § 3006A(e)(1),

[c]ounsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may

---

[1]The Honorable P.K. Holmes, III, United States District Judge for the Western District of Arkansas.

request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court . . . shall authorize counsel to obtain the services.

"The defendant has the burden of showing that the [services are] necessary." Bertling, 370 F.3d at 819. "In analyzing a claim that § 3006A(e)(1) was violated, we consider whether [the defendant] demonstrated a reasonable probability that the requested [service] would aid in his defense and that denial of the funding would result in an unfair trial." United States v. Thurmon, 413 F.3d 752, 755 (8th Cir. 2005) (internal quotation marks omitted).

Although the statute does not require an actual hearing, it does require that the court conduct ex parte proceedings. Bertling, 370 F.3d at 820. Here, the district court did not conduct an ex parte proceeding on Escalante's or Garcia's motion, but even assuming this was erroneous, it did not prejudice Escalante.[2] See United States v. Bercier, 848 F.2d 917, 919-20 (8th Cir. 1988) (finding no prejudice warranting reversal even where district court did not hold statutorily required ex parte proceeding regarding § 3006A(e)(1) application for expert services). Escalante's motion was based entirely on his subjective belief that the stated drug purity was incorrect,

---

[2]Some courts have held that § 3006A(e)'s ex parte proceedings requirement does not apply where a defendant has foregone ex parte proceedings by filing a motion and serving it on the government. See, e.g., United States v. Robinson, 95 F.3d 1153, slip op. at 11 (6th Cir. 1996) (per curiam) (unpublished table opinion) ("The purpose of the ex parte hearing [on a § 3006A(e)(1) application] is to allow the defense to avoid prematurely revealing its theory of the case to the government. When a defendant chooses to forego this procedure and reveal its theory to the government in a motion served on the government, there is no need to grant an ex parte hearing." (internal citation omitted)). Both Escalante's and Garcia's motions were served on the government.

evidently formed from his first-hand knowledge as an admitted methamphetamine user who had tried the drugs. Given that "a trial court need not authorize an expenditure under subdivision (e) for a mere 'fishing expedition,'" there was no prejudice to Escalante's case where the motion did not set forth an adequate basis—such as claims of issues with chain of custody or previous issues of reliability with the lab that performed the testing—to suggest that the lab test results were inaccurate. United States v. Schultz, 431 F.2d 907, 911 (8th Cir. 1970). Escalante has not shown a reasonable probability that retesting would have aided in his defense and that the denial of retesting resulted in an unfair trial. Indeed, as the district court noted,

> [t]he difference between the DEA results and what the retesting results would have to be before retesting would aid in defense or be necessary for a fair trial is so profound that some other basis than Defendant's conclusory disagreement is necessary before the Court will appoint an expert and authorize funds.

R. Doc. 83, at 4. We affirm the district court's denial of the motion.

Escalante next challenges the substantive reasonableness of his below-Guidelines-range sentence, arguing that the district court erred in its weighing of the 18 U.S.C. § 3553(a) sentencing factors. "We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard." United States v. St. Claire, 831 F.3d 1039, 1043 (8th Cir. 2016) (internal quotation marks omitted). "[W]here a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." United States v. McKanry, 628 F.3d 1010, 1022 (8th Cir. 2011) (alteration in original) (internal quotation marks omitted).

At sentencing, the district court determined that Escalante's Guidelines range was 262 to 327 months imprisonment before varying downward to impose a 200-

month sentence. The district court stated that it was varying downward to avoid a sentencing disparity among defendants charged with similar conduct, specifically mentioning Escalante's co-defendant, Garcia, who had received a 188-month sentence. Escalante argues that the district court should have varied downward even further, based on mitigating factors including Escalante's allegedly overstated criminal history, his lack of serious criminal history, his good employment history, and his supportive family.

The district court considered each of the mitigating factors identified by Escalante, but ultimately put more weight on the aggravating factors in deciding not to vary downward any further. The aggravating factors identified by the district court included the numerous weapons Escalante had that could have been used during drug transactions; the significant amount of methamphetamine involved; that the transactions had taken place in public locations, which put the public at risk; that at least one transaction occurred at his residence where his child was present; and that he was not entirely truthful with officers following his arrest. Because that the district court is given "wide latitude" to weigh the § 3553(a) factors and "assign some factors greater weight than others," United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009), and that it granted a downward variance, we conclude the district court did not abuse its discretion in imposing this sentence. Accordingly, we affirm.

_____