# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 21-2423

———————————————

United States of America

*Plaintiff - Appellee*

v.

Taylor Grant

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Nebraska - Omaha

——————————

Submitted: April 1, 2022
Filed: April 6, 2022
[Unpublished]

——————————

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.

——————————

PER CURIAM.

Taylor Grant appeals after a jury convicted him of assault resulting in serious bodily injury in Indian country, and the district court[1] imposed a Guidelines-range sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

———————————

[1]The Honorable Robert F. Rossiter, Jr., Chief Judge, United States District Court for the District of Nebraska.

On appeal, Grant argues that the evidence was insufficient to prove he was responsible for the victim's injuries, and challenges the sentence as substantively unreasonable. This court finds no basis for reversal. The evidence at trial—including the victim's direct testimony that she recalled Grant hitting her in the head on two separate occasions during the period in question, and other circumstantial evidence to support the inference that Grant was the assailant—was sufficient to support Grant's convictions. *See United States v. Littlewind*, 595 F.3d 876, 881-82, 884 (8th Cir. 2010) (jury verdict must be upheld "if any rational interpretation of the evidence, regardless of countervailing evidence, would allow a reasonable-minded jury to conclude guilt beyond a reasonable doubt"; this court may not weigh the evidence or assess credibility of witnesses, rather, it must presume that triers of fact resolved any conflict in government's favor); *United States v. Erdman*, 953 F.2d 387, 389 (8th Cir. 1992) (conviction may be based on circumstantial as well as direct evidence).

The sentence was not substantively unreasonable, as the record shows the district court considered the record, the parties' sentencing memoranda and oral arguments, and Grant's motion for a variance; and discussed some of the 18 U.S.C. § 3553(a) factors. *See United States v. Feemster*, 572 F.3d 455, 461-62, 464 (8th Cir. 2009) (en banc) (substantive reasonableness of sentence is reviewed for abuse of discretion; abuse of discretion occurs when court fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factor); *see also United States v. Gray*, 533 F.3d 942, 944-46 (8th Cir. 2008) (if district court references some § 3553(a) factors, this court is ordinarily satisfied it was aware of them all); *cf. United States v. St. Claire*, 831 F.3d 1039, 1043 (8th Cir. 2016) (within-Guidelines sentence is accorded presumption of substantive reasonableness on appeal).

The judgment of the district court is affirmed.

_____