# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1689

_____

United States of America

*Plaintiff - Appellee*

v.

Garrett Kelsey

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: September 19, 2022
Filed: November 1, 2022
[Unpublished]

_____

Before GRUENDER, MELLOY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Garrett Kelsey's supervised release was revoked and he was sentenced to one year of imprisonment followed by one year of supervised release. He appeals the year of supervised release as unreasonable. We affirm.

Kelsey pled guilty to interstate transmission of a threat to injure a person. The Guidelines range for the original crime was eight to fourteen months' imprisonment. The statutory maximum was five years of imprisonment and three years of supervised release. He was sentenced to eight months of imprisonment followed by three years of supervised release. He was released on April 23, 2021.

In February 2022, a United States probation officer reviewed computer monitoring history and verified that Kelsey had visited websites suggestive of child pornography. When the officer confronted Kelsey with the search history Kelsey said he "just click[ed] through some stuff." The officer asked Kelsey to turn over his cell phone for more examination. Kelsey reported that he did not know where his cell phone was and it must have been stolen. Video footage showed that Kelsey left the residential reentry center with his cell phone to report to the probation office that day. The last GPS point from Kelsey's cell phone was January 14, 2022, indicating the GPS service had been manually disabled. The phone was not located.

The district court[1] found by a preponderance of the evidence that Kelsey violated conditions of supervised release, including: failure to follow residential reentry center rules, failure to allow search, failure to truthfully answer inquiries, failure to allow computer monitoring, and a new law violation, namely activities relating to material involving the sexual exploitation of minors (18 U.S.C. § 2252A(a)(5)(B) and 18 U.S.C. § 2252A(b)(2)). The resulting Guidelines range was six to twelve months' imprisonment. Probation recommended, and the court ordered, one year of imprisonment and one year of supervised release.

Kelsey appeals the year of supervised release as unreasonable. Kelsey does not contest that conditions of supervised release were violated, nor does he allege that a

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

procedural error was made. Kelsey only objects to the year of supervised release after the prison term, alleging it punishes him for an uncharged offense and does not further the goals of 18 U.S.C. § 3583(e). "We review the reasonableness of a revocation sentence under the same deferential abuse-of-discretion standard that applies to initial sentencing proceedings." United States v. Elbert, 20 F.4th 413, 416 (8th Cir. 2021). The district court's finding that Kelsey violated his terms of supervised release was not clearly erroneous, and the in-range revocation sentence was substantively reasonable. United States v. St. Claire, 831 F.3d 1039, 1043 (8th Cir. 2016) ("A sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal.").

Kelsey also argues that the district court improperly considered a new law violation that had not been found by a jury. A district court, however, is allowed to consider a violation it finds by the preponderance of the evidence. United States v. Staten, 990 F.3d 631, 635 (8th Cir. 2021). This includes new law violations that have not been found beyond a reasonable doubt by a jury. See United States v. Eagle Chasing, 965 F.3d 647, 650 (8th Cir. 2020). The district court appropriately considered the new law violation as part of the sentencing process and "was under no obligation to weigh it the way that [defendant] would have preferred." Id. at 654.

We affirm the judgment of the district court.

_____