# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2272
_____

United States of America

*Plaintiff - Appellee*

v.

Simon Tongyik Chuar

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Western
_____

Submitted: January 8, 2024
Filed: January 25, 2024
[Unpublished]
_____

Before LOKEN, ARNOLD, and KELLY, Circuit Judges.
_____

PER CURIAM.

After Simon Chuar pleaded guilty to being a felon in possession of ammunition, *see* 18 U.S.C. §§ 922(g)(1), 924(a)(2), the district court[1] sentenced him

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

to 72 months' imprisonment. Chuar contends that the court failed to warn him in advance that it was considering an upward variance, failed to explain the sentence adequately, and imposed a substantively unreasonable sentence. We affirm.

A farmer called 911 to report that a man had driven to his property, said he had been shot at, and was hiding in a barn. When a police officer went to the barn, he discovered Chuar along with .40 caliber hollow-point ammunition, drugs, and drug paraphernalia. The government charged Chuar with being a felon in possession of ammunition, possessing marijuana with the intent to distribute it, and possessing fentanyl with the intent to distribute it. The government and Chuar then entered into a plea agreement in which Chuar agreed to plead guilty to being a felon in possession of ammunition in exchange for, among other things, dismissal of the drug charges and the government's recommendation of a sentence within the Sentencing Guidelines range.

A presentence investigation report recommended a Guidelines range of 70–87 months in prison. That range included a four-level enhancement under USSG § 2K2.1(b)(6)(B) because Chuar possessed ammunition "in connection with another felony offense." But at sentencing, Chuar challenged the application of that enhancement, and the district court agreed that it was inapplicable. The court explained, however, that its denial of the enhancement "isn't to say that I'm not quite concerned about the fact that he has hollow-point ammunition, the fact that he's apparently in some kind of gang war, the fact that he's out in the middle of this rural area of Iowa hiding in a barn, and that his criminal history is serious and violent and involves his possession of guns on numerous occasions." Without the enhancement, the recommended sentencing range was 46–57 months.

Consistent with the plea agreement, the government recommended a sentence at the top of the Guidelines range. Defense counsel asked for a sentence below the recommended range, emphasizing Chuar's youth and serious mental-health

conditions, including attempted suicide, schizophrenia, and auditory hallucinations. Defense counsel also highlighted several of Chuar's "adverse childhood experiences," such as his father's death and homelessness.

In fixing a sentence, the district court expressly stated that it had considered all the sentencing criteria in 18 U.S.C. § 3553(a). It also acknowledged Chuar's age and that his father died before Chuar was born. The court noted, moreover, that Chuar had moved about frequently as a child, as well as several of Chuar's mental-health difficulties, pointing out that some appeared to be "methamphetamine-induced." The court also observed that Chuar's history of substance abuse was "severe."

Much attention was devoted to Chuar's criminal history, which the court found "frankly alarming." The court reviewed some of Chuar's convictions and the circumstances surrounding them, such as robbery convictions where victims were harmed or even, in one case, shot and killed by one of Chuar's compatriots. The court also found it concerning that Chuar had received several convictions for gun-related charges and that, while in pretrial detention, Chuar had received nineteen disciplinary violations. So even though the court said that it was aware that it could impose a sentence below the Guidelines for the reasons defense counsel gave, it concluded that an upward variance was appropriate given Chuar's "criminal history," his possession of hollow-point bullets, and "the very bizarre and concerning circumstances under which the crime was committed."

Chuar maintains on appeal that Federal Rule of Criminal Procedure 32(h) required the district court to give him advance notice that it was considering an upward variance. Rule 32(h) requires that the court provide reasonable notice that it is considering a "departure" before it "depart[s]" from the Guidelines for a reason not given by the PSR or the parties. As we've explained, though, Rule 32(h) by its terms "applies only to departures and not to variances," so "[w]hen a district court imposes a variance, Rule 32(h) does not require advance notice." *See United States v. Moore*,

683 F.3d 927, 931 (8th Cir. 2012). The court here imposed an upward variance, so it was not obligated to give advance notice.

Chuar also maintains that the district court's explanation for the chosen sentence was insufficient. A court's explanation is sufficient if it "sets forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *See United States v. Morris*, 918 F.3d 595, 597 (8th Cir. 2019). We are satisfied that the district court here considered the parties' arguments and had a reasoned basis for exercising its decisionmaking authority. In explaining the chosen sentence, the court expressly recognized many of the mitigating circumstances that Chuar had emphasized when seeking a lower sentence. But the court explained that other aggravating circumstances made an upward variance appropriate. We find no fault in the court expressing concern about Chuar's "frankly alarming" criminal history, especially since his current offense suggested that he had not been deterred from criminal activities involving firearms. And though Chuar labels as too vague the court's observation that the circumstances of the offense were "bizarre and concerning," we take the court as simply expressing a reasonable concern that Chuar might be mixing his affinity for firearms with an apparent affinity for drugs and drug trafficking, which makes for a dangerous combination.

We also reject Chuar's contention that his sentence is substantively unreasonable. The record reflects that the district court adequately considered the § 3553(a) sentencing criteria as well as the mitigating circumstances that Chuar says the court disregarded. It simply believed those circumstances did not carry the weight that Chuar had hoped. *See United States v. Griggs*, 54 F.4th 531, 538 (8th Cir. 2022). We detect no abuse of discretion here.

Affirmed.

_____