# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 23-2116

———————————————

United States of America

*Plaintiff - Appellee*

v.

Whitehorse Ducharme, also known as Stanley Ducharme

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of North Dakota - Eastern

——————————

Submitted: January 8, 2024
Filed: February 28, 2024

——————————

Before LOKEN, ARNOLD, and KELLY, Circuit Judges.

——————————

ARNOLD, Circuit Judge.

After Whitehorse Ducharme pleaded guilty to abusive sexual contact with a child, *see* 18 U.S.C. §§ 2244(a)(5), 1152, the district court[1] sentenced him to life imprisonment. Ducharme maintains that the court failed to consider the offense level

———————————

[1]The Honorable Peter D. Welte, Chief Judge, United States District Court for the District of North Dakota.

used to calculate his recommended sentencing range and that the court imposed a substantively unreasonable sentence. We affirm.

A fourth-grade girl, whom we'll call L.W., told a school counselor that Ducharme, her father's stepbrother, had sexually abused her. L.W. disclosed during a forensic interview that Ducharme had abused her "several times," beginning when she was four years old. She explained that, in one instance, Ducharme had exposed his penis to her, while in other instances he touched her vagina with his fingers under her clothes, all while she "kick[ed] to try to get away from" him. She also reported that Ducharme told her that he had fallen in love with her, and he told her not to tell others about what he had done. At a second interview conducted three months later, L.W. said that Ducharme had sexually abused her "multiple times" when she was three to eleven years old. She reported that Ducharme "would grind his genital area against her genital area through their clothes" and "would take his penis out of his pants and rub it on her."

Ducharme was indicted on three counts of aggravated sexual abuse of a minor, *see* 18 U.S.C. §§ 2241(c), 1152, stemming from his alleged abuse of L.W. and two other children. After the government and Ducharme entered into an agreement in which he agreed to plead guilty to sexually abusing L.W., a presentence report prepared for him calculated a recommended sentencing range of 188–235 months' imprisonment. As part of that calculation, the PSR recommended a five-level enhancement under USSG § 4B1.5(b)(1) because Ducharme had "engaged in a pattern of activity involving prohibited sexual conduct." Ducharme initially objected to applying the enhancement but later withdrew the objection. At the sentencing hearing, the district court confirmed the PSR's calculation of the Guidelines range.

Ducharme maintains that the district court committed procedural error at sentencing by failing to consider the offense level used to calculate his Guidelines range. *See* 18 U.S.C. § 3553(a)(4). The seed from which Ducharme's challenge grows

is a remark that the district court made after announcing sentence. The court said that Ducharme would have received a life sentence "regardless of the offense level determination and that it would be imposed based on the 3553(a) factors."

After our review of the record, it is clear to us that the district court considered the applicable offense level. The court meticulously calculated Ducharme's offense level, noting that Ducharme was "a repeat and dangerous sex offender against minors" for which the five-level enhancement under § 4B1.5(b)(1) was appropriate. The court's careful calculation also led to the discovery of a computation error in the PSR, and the court ordered the PSR amended to correct the error. So the argument that the court failed to consider the applicable offense level is untenable. Ducharme really appears to take issue with the court's reliance on the § 3553(a) considerations to impose a sentence above what the Guidelines recommended. But once courts have correctly calculated the Guidelines range, they may find a sentence outside that range "appropriate irrespective of the Guidelines range." *See Molina-Martinez v. United States*, 578 U.S. 189, 200 (2016). That's what the court did here.

Ducharme also maintains that a life sentence is substantively unreasonable because the court did not weigh the § 3553(a) sentencing considerations properly. He says that the court failed to give adequate weight to his relative lack of criminal history, which consisted only of a forgery conviction in 2001 and a weapons conviction from 2003. He also points out that a life sentence "far exceed[ed]" his Guidelines range.

Our review of the substantive reasonableness of a sentence "is narrow and deferential," and "it will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *See United States v. St. Claire*, 831 F.3d 1039, 1043 (8th Cir. 2016). Ducharme has arguably presented an "unusual" case given that the court varied upward to impose a life sentence.

But the district court fastidiously considered the relevant sentencing criteria and gave several convincing reasons for the sentence it chose, leading us to conclude that the court did not commit "a clear error of judgment" in varying upward to a life sentence. *See United States v. Doerr*, 42 F.4th 914, 918 (8th Cir. 2022); *see also United States v. Herman*, 842 F. App'x 6, 8 (8th Cir. 2021) (unpublished per curiam). At the outset of the sentencing hearing, the court rehearsed the sentencing criteria contained in § 3553(a) and offered some explanatory commentary as well. The court recited each criterion and confirmed that Ducharme understood what it had said. The court also considered victim-impact statements from L.W. and the two other children, now adults, whom Ducharme was originally charged with sexually abusing. The court gave defense counsel opportunities to object to its consideration of these statements, but defense counsel declined. In those statements, the three victims explained the toll that Ducharme's sexual abuse had taken on their lives. They described games Ducharme made them play, insults he offered them, and recited some details of the abuse as well. For example, one victim recounted Ducharme making the victim perform oral sex in exchange for ice cream.

The court then heard the parties' sentencing recommendations. In the course of recommending a sentence at the top of the Guidelines range, the government pointed out that during an interview after arrest Ducharme said he had been a babysitter for other children and that at least three of them had seen his penis. The government noted too that an undisputed paragraph in the PSR recounted that Ducharme had blamed alcohol for his abuse of L.W. and had stated that he needs to stop using alcohol and drugs to ensure he doesn't abuse again. But he continued to use alcohol and drugs up to his arrest, and "he 'couldn't say' if an incident would occur again if he was using drugs or alcohol."

After denying Ducharme's requests for downward departures, the court returned to § 3553(a), reciting each criterion in full yet again. The court turned to the government's points about drugs and alcohol, calling them "concerning." And it

observed that the victims' statements "were impactful." After weighing the § 3553(a) criteria, the court believed that a life sentence was appropriate. In its statement of reasons, the court emphasized the considerations that it thought weighty in this case, though it said it had evaluated them all. The court checked the box next to the nature and circumstances of the offense as well as the accompanying boxes for role in the offense, extreme conduct, and victim impact. It also checked the box for the history and characteristics of the defendant, specifically noting that Ducharme had displayed aberrant behavior and a lack of remorse. Finally, the court explained that it was "of particular import" that the sentence reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence for criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(A)–(B). The court "strongly considered" as well the need to protect the public from further crimes by Ducharme. *See id.* § 3553(a)(2)(C).

The district court did not abuse its discretion in weighing those considerations more heavily than Ducharme preferred. *See United States v. Griggs*, 54 F.4th 531, 538 (8th Cir. 2022). Even though Ducharme's criminal history was relatively modest, he still was "a repeat and dangerous sex offender against minors" who displayed an apparent lack of remorse and little willingness to change. We confronted a similar situation in *St. Claire*. There, a man was convicted of three counts of aggravated sexual abuse, *see* 18 U.S.C. § 2241(c), two counts of abusive sexual contact (the crime Ducharme pleaded guilty to committing), *see id.* § 2244(a)(5), and one count of a different abusive-sexual-contact crime, *see id.* § 2244(a)(3). *See St. Claire*, 831 F.3d at 1041. The victims testified that the defendant had put his hands down their underwear and touched their vaginal areas, *see id.* at 1042, much like L.W. reported Ducharme had done here. We held that a life sentence was not substantively unreasonable. It is true that the Guidelines recommended a life sentence in that case and that the defendant there was convicted of more offenses than Ducharme. But many similarities exist, including the defendant's conduct, his lack of remorse, his attempts to hide wrongdoing, the length of time over which his abuse occurred, and

his high risk of re-offending. *See id.* at 1042–43. We note, moreover, that the district court in *St. Claire* imposed a separate life sentence for each of his § 2244(a)(5) convictions, *see id.* at 1041–42, which again is the offense Ducharme pleaded guilty to committing. The court here similarly acted within its discretion in concluding that a life sentence was warranted, and even if we might have reasonably concluded that a different sentence was appropriate, that's insufficient to justify reversal. *See id.* at 1043.

Affirmed.

KELLY, Circuit Judge, concurring.

Ducharme pleaded guilty to a pattern of sexually abusing one minor victim, L.W. See 18 U.S.C. § 3771(e)(2)(A) ("The term 'crime victim' means a person directly and proximately harmed as a result of the commission of a Federal offense."). At sentencing, Ducharme objected to several paragraphs in his PSR containing allegations that he had also sexually abused four other minor children. At the parties' urging, the district court declined to make a finding on these objected-to allegations, stating it would not consider the allegations when imposing sentence. Later in the hearing, however, the court relied on victim-impact statements from two of the other minors that repeated the allegations of sexual abuse—unrelated to the crime of conviction—in deciding an appropriate sentence.

Unless prohibited by law, district courts may receive and consider a broad range of information at sentencing—including hearsay evidence—as long as it is found to have "sufficient indicia of reliability" and relevance. USSG §§ 1B1.4, 6A1.3; United States v. Wise, 976 F.2d 393, 402 (8th Cir. 1992) (en banc); e.g., United States v. Ayres, 929 F.3d 581, 583 (8th Cir. 2019). Federal Rule of Criminal Procedure 32, however, mandates that sentencing courts rule on any disputed portions of a defendant's PSR, "or determine that a ruling is unnecessary either because the

matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B); see USSG § 6A1.3. Here, despite expressly agreeing not to consider the objected-to allegations in Ducharme's PSR, and without any finding on their reliability, the district court considered two additional statements that repeated unresolved allegations in the PSR, describing them as "impactful."

Nevertheless, I concur in the result. At sentencing, the district court advised the parties more than once that it intended to consider all of the victim-impact statements, not just the one from L.W. And as this court notes, Ducharme expressly declined the opportunity to object. There may have been strategic reasons for that decision. But even the government agreed that the court should not consider any objected-to information "in making its determination [to] hand[] down an appropriate sentence that's sufficient yet not greater than necessary." Because these statements contained some of the very information Ducharme objected to—information the court stated it would not consider—I question the propriety of relying on them to impose an above-range sentence of life imprisonment.

————————————————